[No. 17158–5–I.   Division One.   October 27, 1986.]

ALLSTATE INSURANCE COMPANY, *Respondent,* v. JERRY
L. WELCH, *Appellant.*

*Roblin J. Williamson, Albert R. Johnson,* and *Davies, Roberts, Reid & Wacker,* for appellant.

*Pinckney M. Rohrback, Irene M. Hecht,* and *Keller Rohrback,* for respondent.

MURPHY, J.*—Appellant Jerry Welch appeals from an order of summary judgment enforcing a setoff provision in his insurance policy. We reverse.

On November 2, 1983, appellant was injured when his vehicle was struck by another vehicle driven by an unin-

---

*This appeal was heard by a Supreme Court Justice, a Superior Court Judge, and an attorney at law sitting as Court of Appeals Judges Pro Tempore in Division One.

sured motorist. Because appellant was acting within the scope of his employment at the time of the accident, he filed a workers' compensation claim with the Washington State Department of Labor and Industries. As a result of that claim, he has received and continues to receive both medical treatment and wage loss payments from the Department of Labor and Industries.

At the time of the accident, appellant was insured under an automobile liability policy issued by respondent Allstate Insurance Company. The policy provided underinsured motorist coverage with a bodily injury limit of $100,000 per individual, and $300,000 per accident. The policy also contained the following provision:

Damages payable will be reduced by:
(2) all amounts paid or payable under any workman's compensation, or similar disability benefits law, Personal Injury Protection Payments, Automobile Medical Payments, or any similar automobile medical payments coverage.

In August 1985, respondent moved for summary judgment seeking a declaration from the court that the above mentioned policy provision was valid and enforceable as a matter of law. On August 30, 1985, the trial court granted the motion. This appeal followed.

The issue presented is whether, under Washington law, an insurer may enforce an underinsured motorist policy provision that permits the insurance company to reduce "damages payable" by the amount of any workers' compensation benefits received by the injured insured.

Appellant contends the trial court erred in granting summary judgment enforcing a setoff provision in his insurance policy. He argues that the provision is unenforceable because: (1) it is contrary to public policy; (2) the underinsured motorist act does not expressly permit such a setoff; and (3) the uninsured motorist carrier owes to its insured all damages which would be collectable from the tortfeasor.

On the other hand, respondent argues that the policy provision is enforceable because: (1) the setoff provision is

not inconsistent with or contrary to the purpose of under-insured motorist coverage; and (2) the setoff provision is consistent with the public policy of preventing a double recovery.

Though the precise issue presented is one of first impression in Washington, a similar issue was recently addressed by the Washington Supreme Court in *Britton v. Safeco Ins. Co. of Am.*, 104 Wn.2d 518, 707 P.2d 125 (1985). In *Britton*, an on-duty sheriff of Columbia County was injured when his automobile was struck by another car. Claiming disability from his injuries, the sheriff retired and received benefits under the Washington Law Enforcement Officers' and Fire Fighters' Retirement System Act (LEOFF). He then initiated a declaratory judgment action against the County's insurer, Safeco, seeking coverage under the uninsured/underinsured motorists endorsement in the County's policy. The policy provided that the amount payable thereunder would be reduced by "[a]ll sums paid or payable under any workers' compensation, disability benefits or similar law, . . ." *Britton*, at 520. Safeco took the position that it could reduce its uninsured/underinsured motorist benefits by the amount of LEOFF disability payments received by the sheriff. Britton argued, however, that the setoff clause was void as against public policy.

In holding that the setoff would be unenforceable under the underinsured motorist statute, RCW 48.22.030, the *Britton* court stated:

> Accordingly, we construe the purpose of the *underinsured* motorist aspects of the new underinsured motorist statute as allowing an injured party to recover those damages which the injured party would have received had the responsible party been insured with liability limits as broad as the injured party's statutorily mandated underinsured motorist coverage limits. This also means that where the underinsured motorist endorsement does not provide protection to the extent mandated by the underinsured motorist statute, the offending portion of the policy is void and unenforceable. In other words, the

Legislature has mandated a certain amount and kind of coverage; the insurer cannot avoid that obligation by a policy clause which has not been authorized by the Legislature. In so holding, we merely carry out a clear legislative directive enacted with presumed knowledge of our prior holdings.

If, therefore, the trial court does establish (in accordance with our above instructions) that the underinsured motorist statute (RCW 48.22.030) is applicable to the accident in this case, then since the disability benefits setoff in the underinsured motorist endorsement restricts the coverage mandated by the underinsured motorist statute, the disability benefits setoff clause is against public policy and void.

(Footnotes omitted.) *Britton,* at 531. The court further stated at 532:

Some states have enacted statutes specifically authorizing setoffs of this nature which are aimed at preventing the possibility of duplicative recoveries by the insured, but our State has not done so.

(Footnote omitted.) Thus, under *Britton,* an insurer cannot limit or reduce the amount of underinsured motorist coverage mandated by statute unless such limitation or reduction has been expressly authorized by the Legislature. Since respondent concedes that the policy provision at issue in the present case *could* result in a reduction of the coverage mandated by statute, and since there is no statutory authorization for a setoff provision such as the one contained in appellant's policy, *see Britton,* at 531–32, we must hold that the provision is void as against public policy.[1]

---

[1] We note that respondent also contends the setoff provision is enforceable because, instead of reducing the policy limits, the provision only allows for a reduction of the amount of total *damages,* and therefore the insured is assured that he will receive the full benefit of his policy limits to the extent that those are necessary to compensate him for 100 percent of his injuries. Though there is logic to this analysis, and though it is arguably consistent with the general purpose of the underinsured motorist statute, the fact remains that a reduction of total damages *could* result in the insurer paying less than the amount mandated by the Legislature. *Britton v. Safeco Ins. Co. of Am.,* 104 Wn.2d 518, 707 P.2d 125 (1985) clearly prohibits such a reduction of the statutory amount unless it is authorized by the Legislature. Thus, the policy provision is void as against public policy.

744

Reversed and remanded for entry of summary judgment in favor of appellant.[2]

DORE and HOLTE, JJ. Pro Tem., concur.

Review denied by Supreme Court March 4, 1987.

*Accord, Walkowitz v. Royal Globe Ins. Co.,* 149 N.J. Super. 442, 374 A.2d 40 (1977).

[2]It should be noted that the trial court did not have the benefit of the *Britton v. Safeco Ins. Co. of Am.,* 104 Wn.2d 518, 707 P.2d 125 (1985) decision when it ruled on the summary judgment motion.