[No. 17164-0-I.  Division One.  March 25, 1987.]

DAVID H. LILJESTRAND, *Appellant*, v. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, *Respondent.*

*Eugene M. Moen,* for appellant.

*Harold Fosso* and *Julin, Fosso, Sage, McBride & Mason,* for respondent.

DURHAM, J.*—In this case we must decide if RCW 48.22-.030(8), which contains limitations on required motor vehicle liability insurance coverage for accidents caused by phantom vehicles, automatically applies to an insurance policy which provides broader coverage. We hold that the statutory limitations do not apply to an insurance policy which does not contain such limitations.

This case arises out of a motor vehicle accident involving appellant David Liljestrand. On August 11, 1982, Liljestrand was driving his pickup truck on Interstate 5 when his vehicle left the roadway and rolled over. Liljestrand was injured. There were no independent witnesses to the accident. Liljestrand claims that he was forced off the road by an unidentified motor vehicle which had no contact with his vehicle and which subsequently left the scene.

At the time of the accident, Liljestrand was insured by respondent State Farm Mutual Automobile Insurance Company under an automobile insurance policy that had been renewed after September 1, 1981. The policy con-

---

*This appeal was heard by a Supreme Court Justice, a Superior Court Judge, and a retired Superior Court Judge sitting as Court of Appeals Judges Pro Tempore in Division One.

tained uninsured motorist coverage, providing as follows:

> We will pay damages which a *covered person* is legally entitled to recover from the owner or operator of an *uninsured motor vehicle* because of bodily injury sustained by a *covered person* and caused by an accident.

The policy defined "uninsured motor vehicle" to include a land motor vehicle

> Which is a hit and run vehicle whose operator or owner cannot be identified and which hits or which causes an accident resulting in bodily injury without hitting:
> a. you or any *family member*;
> b. a vehicle which you or any *family member* are *occupying*; or
> c. *your covered auto.*

The policy also provided that if there was a disagreement between the insurer and the covered person as to that person's legal entitlement to recover damages from the owner or operator of an uninsured motor vehicle, or as to the amount of damages, either party could demand arbitration.

Liljestrand's counsel sent State Farm a claim under the uninsured motorist provisions of the policy and requested arbitration of the claim. State Farm denied the claim and rejected the request for arbitration on the grounds that there was no corroborating evidence of the facts of the accident other than Liljestrand's own position. State Farm indicated to Liljestrand's counsel that without such evidence, Liljestrand had no claim under his policy according to Washington law. State Farm referred to the definition of "phantom vehicle" in RCW 48.22.030 which requires independent corroborating evidence of the facts of an accident. RCW 48.22.030(8).

Liljestrand then filed an action against State Farm in King County Superior Court, claiming, among other things, that State Farm's denial of his claim and rejection of his request for arbitration constituted a breach of contract and a violation of its duty of good faith, and seeking damages and an order to compel arbitration. Subsequently, Liljestrand brought a motion for partial summary judgment on

these issues. State Farm brought a motion for summary judgment seeking dismissal of all claims.

On April 16, 1984, the trial court entered an order granting Liljestrand's motion in part and denying it in part. The court ordered the parties to arbitrate but ruled that the arbitration proceedings must be governed by RCW 48.22-.030(8). It stated:

[S]ubsection (8) is mandatory and is applicable to the uninsured motorist coverage contained in a policy issued or renewed after the effective date of RCW 48.22.030(8), which was effective on September 1, 1981 . . .

The trial court denied Liljestrand's motion for summary judgment on the breach of contract issue, noting that "there was a legitimate issue as to what law shall govern the arbitration proceeding and there has been no breach of contract . . ."

On November 26, 1984, an arbitration hearing was held. On February 18, 1985, the arbitrators entered a decision denying Liljestrand's claim for failure of independent corroboration, pursuant to a stipulation by the parties that there was no independent corroborating evidence of the presence of a phantom car. The court confirmed the arbitration decision on May 3, 1985.

On August 21, 1985, State Farm brought a motion to dismiss all of Liljestrand's claims against it. On September 6, 1985, the trial court entered an order dismissing Liljestrand's action. Liljestrand appealed to this court, assigning error to the trial court's April 16, 1984 ruling that RCW 48.22.030(8) applied to his policy and governed the arbitration proceedings, and that there had been no breach of contract. Liljestrand also assigns error to the trial court's September 6, 1985, order of dismissal. Liljestrand seeks reversal of the summary judgment ruling, a remand for a new arbitration hearing and a trial of his breach of contract claim.

The principal issue in this case is if the statutory limitations on required coverage for accidents caused by phantom vehicles automatically apply to an insurance policy that

does not contain such limitations.

RCW 48.22.030 provides that motor vehicle liability insurance policies must provide coverage for accidents caused by phantom vehicles. RCW 48.22.030(2) states:

> No new policy or renewal of an existing policy insuring against loss resulting from liability imposed by law for bodily injury, death, or property damage, suffered by any person arising out of the ownership, maintenance, or use of a motor vehicle shall be issued with respect to any motor vehicle registered or principally garaged in this state unless coverage is provided therein or supplemental thereto for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of underinsured motor vehicles, hit–and–run motor vehicles, and *phantom vehicles* because of bodily injury, death, or property damage, resulting therefrom
> . . .

(Italics ours.)

The requirement of coverage for accidents caused by phantom vehicles was added to the statute in an amendment which was effective on September 1, 1981. Laws of 1981, ch. 150, § 1, p. 717. That amendment added the following definition of "phantom vehicle" to the statute:

> For the purposes of this chapter, a "phantom vehicle" shall mean a vehicle which causes bodily injury or property damage to an insured arising out of a motor vehicle accident which is caused by an automobile which has no physical contact with the insured or the vehicle which the insured is occupying at the time of the accident,
>
> (a) *The facts of which accident can be corroborated by competent evidence other than the testimony of the insured or any person having an uninsured motorist claim resulting from the accident,* and
>
> (b) The insured or someone on his behalf shall have reported the accident to the appropriate law enforcement agency within seventy–two hours of the accident.

(Italics ours.) Former RCW 48.22.030(8).[1]

---

[1] In 1983, the language of RCW 48.22.030(8) was modified slightly. Laws of 1983, ch. 182, § 1, p. 996. The statute now states:

"For the purposes of this chapter, a 'phantom vehicle' shall mean a motor vehicle which causes bodily injury, death, or property damage to an insured and

The dispute in this case arises from the fact that the uninsured motorist provision of Liljestrand's insurance policy does not contain the requirements of independent corroborating evidence and a report to the law enforcement agency within 72 hours which are contained in RCW 48.22-.030(8). Liljestrand argues that the trial court erred in deciding that subsection (8) applied to his insurance policy. He contends that RCW 48.22.030(8) establishes minimum coverage requirements with regard to accidents involving phantom vehicles, and that nothing in the statute indicates an intent to prohibit insurers from offering broader coverage by issuing policies without the statutory requirements.

State Farm contends, however, that the definition of "phantom vehicle" in RCW 48.22.030(8) must be read into the insurance policy.[2] It argues that the language of the statute indicates that the Legislature intended that the requirements of the statutory definition would be incorporated into the policy. It emphasizes that both RCW 48.22-.030(2), which mandates coverage for accidents involving phantom vehicles, and RCW 48.22.030(8), which defines

---

has no physical contact with the insured or the vehicle which the insured is occupying at the time of the accident if:

"(a) The facts of the accident can be corroborated by competent evidence other than the testimony of the insured or any person having an underinsured motorist claim resulting from the accident; and

"(b) The accident has been reported to the appropriate law enforcement agency within seventy-two hours of the accident." These changes do not affect the analysis of the issue in the present case.

[2]Initially, State Farm contends that Liljestrand has waived his right to appeal on all issues. State Farm asserts that, in exchange for its agreement not to seek an award of costs, Liljestrand agreed to the trial court's order dismissing his claims. Therefore, State Farm argues, the trial court's order was a judgment by consent or stipulation of the parties and may not be reviewed on appeal. However, State Farm's motion to dismiss the appeal is based solely on the bare assertions in the affidavit of its counsel that such an agreement was made. There is no evidence in the record that the judgment was entered pursuant to a stipulation of the parties; therefore, Liljestrand should not be precluded from appealing the judgment. *Cf. Washington Asphalt Co. v. Harold Kaeser Co.*, 51 Wn.2d 89, 316 P.2d 126, 69 A.L.R.2d 752 (1957) (appeal precluded where trial court entered a finding of fact that appellants had stipulated in open court for entry of judgment in favor of respondent).

"phantom vehicles", use the word "shall". Thus, it contends, the definition of "phantom vehicle", as well as the requirement of coverage for phantom vehicles, must be incorporated into all insurance policies issued or renewed after the effective date of these statutory provisions.

We do not believe that the fact that the Legislature used the term "shall" in RCW 48.22.030 is determinative of the issue at hand. The use of the term "shall" merely indicates that insurers are required to include coverage in motor vehicle liability insurance policies for accidents involving phantom vehicles, as phantom vehicles are defined in the statute. It does not indicate if such mandated coverage is intended to be the minimum or maximum allowed in such policies.

State Farm also relies on prior cases holding that an insurance statute becomes part of the insurance policy. *See, e.g., Britton v. Safeco Ins. Co. of Am.,* 104 Wn.2d 518, 526, 707 P.2d 125 (1985); *Touchette v. Northwestern Mut. Ins. Co.,* 80 Wn.2d 327, 494 P.2d 479 (1972). However, in those cases the insurance policies in question provided more limited coverage than the statute required. In *Britton,* the court held that where an underinsured motorist provision of a policy did not provide protection as broad as that mandated by the underinsured motorist statute, the offending part of the policy was void and unenforceable. *Britton,* at 531. In *Touchette,* the court held that the uninsured motorist statute overrode exclusionary language in a policy that provided for more restrictive coverage.

Furthermore, the fundamental principle underlying those cases is that RCW 48.22.030 expresses a legislative purpose to broaden the protection of injured persons from financially irresponsible motorists. For example, in *Touchette,* the court observed that the statute must be read into the insurance contract because it declared a public policy designed to expand uninsured motorist coverage and broaden protection of the public from injuries due to accidents caused by uninsured persons. *Touchette,* at 332–33, 335. *Accord, Britton,* at 522; *Finney v. Farmers Ins. Co.,* 92

Wn.2d 748, 751–52, 600 P.2d 1272 (1979).

In the present case, the insurance policy allows for broader coverage than the statute mandates. We conclude that in this case, the language of the policy must control over the statute. If we held that the coverage required by the statute overrode more expansive coverage in an insurance policy, the insurer and insured effectively would be prohibited from agreeing to broader coverage than the statute mandates. We cannot imagine that the Legislature drafted the statute so as to prevent insurance companies from providing as much coverage as the parties agree to undertake. Such a result would conflict with the basic principle that insurance contracts are private contracts between the parties. *See also Powell v. Viking Ins. Co.*, 44 Wn. App. 495, 501, 722 P.2d 1343 (1986) ("[a]n insurance policy which is, after all, a contract, may provide greater coverage than that mandated by statute"). Moreover, it would be inconsistent with RCW 48.22.030's general public policy of providing broad protection to insured persons who are injured by persons from whom they cannot recover.

We hold, therefore, that RCW 48.22.030 establishes minimum requirements for coverage of insured persons involved in accidents with phantom vehicles. Thus, the requirements of subsection (8) do not apply to Liljestrand's insurance policy. Our holding does not prevent insurance companies from limiting their coverage to the circumstances set forth in the statute. To do so, they need only place language similar to RCW 48.22.030(8) in their policies. At the same time, it allows the parties to insurance contracts to agree to broader coverage than the statute requires, thereby preserving freedom of contract and effectuating the public policy of providing broad protection to the insured.

Liljestrand further contends that the trial court erred in ruling that State Farm's refusal to arbitrate his claim was not a breach of contract. However, we agree with the trial court that there was a legitimate issue as to the law governing the arbitration proceeding, and, therefore, that State

Farm's refusal to arbitrate was not a breach of contract or a failure to act in good faith. Therefore, we affirm the trial court's ruling that there was no breach of contract.

In summary, we reverse the trial court's ruling that RCW 48.22.030(8) applies to Liljestrand's insurance policy, and remand this case for a new arbitration hearing consistent with this opinion. We affirm the trial court's ruling that there was no breach of contract.

NICHOLS and PATRICK, JJ. Pro Tem., concur.

Review denied by Supreme Court June 2, 1987.