[No. 16485-3-III.    Division Three.    November 18, 1997.]

JOHN FULLER, ET AL., *Appellants*, v. THE TRAVELERS , *Respondent*.

*Terry L. Deglow* of *Deglow Law Firm*, for appellants.
*Erika Balazs* and *Eugene I. Annis* of *Lukins & Annis, P.S.*, for respondent.

SWEENEY, C.J. — This is an uninsured motorist coverage dispute. John and Sharon Fuller filed a claim with The Travelers d/b/a Travelers Indemnity Co. of Illinois, Inc., (Mr. Fuller's employer's fleet insurer) for injuries suffered when a phantom driver ran him off the road. Mr. Fuller was driving a company car and was therefore an additional insured on Travelers' policy. The policy had no provision for underinsured motorist (UIM) coverage. Mr. Fuller maintains because it did not that the requirements of the Washington UIM statute (RCW 48.22.030), that the accident be reported within 72 hours and that the accident be corroborated by independent evidence, do not apply. Travelers counters that the statute sets the minimum requirements for UIM coverage and in the absence of any agreement for UIM coverage, the statute applies. We agree with the trial court and affirm the summary dismissal of the Fullers' claims.

## FACTS

The facts are undisputed. In June 1989, while driving his employer's car, Mr. Fuller was forced off a four-lane divided highway by a passing vehicle that swerved into his lane and did not stop. Mr. Fuller avoided contact with the vehicle but, in doing so, drove off the highway into a ditch and was injured. He did not file a police report, nor did he provide independent corroboration of the accident. Travelers' policy did not include an uninsured or underinsured motorist endorsement for Washington. In the UIM section, the policy contains the numeral 6 in the "covered autos" column and the word "statutory" as payment limits.

Mr. and Mrs. Fuller filed a UIM claim. Travelers denied coverage. The Fullers then sued Travelers for damages, bad faith, breach of contract, consumer protection violations, and attorney fees. On cross-motions for summary judgment, the court dismissed the Fullers' claims. The Fullers then petitioned for direct review to the Supreme Court. The Supreme Court transferred the case here.

## DISCUSSION

Interpretation of an insurance contract is a question of law and appropriate for summary judgment and de novo review. *Gerken v. Mutual of Enumclaw Ins. Co.*, 74 Wn. App. 220, 225, 872 P.2d 1108, *review denied*, 125 Wn.2d 1005 (1994). In Washington, UIM coverage is implied by law unless expressly waived in writing by the insured. RCW 48.22.030(4); *Clements v. Travelers Indem. Co.*, 121 Wn.2d 243, 254, 850 P.2d 1298 (1993). In the absence of physical contact, the "phantom vehicle" clause imposes two conditions for coverage: competent independent corroboration of involvement of another driver and an official report of the accident within 72 hours. RCW 48.22.030(8)(a), (b). Mr. Fuller satisfied neither requirement.

Mr. Fuller contends that he was not required to fulfill the conditions because Travelers' policy contained no such requirements. He relies on *Liljestrand v. State Farm Mut. Auto. Ins. Co.*, 47 Wn. App. 283, 734 P.2d 945, *review denied*, 108 Wn.2d 1017 (1987), for the proposition that in the absence of restrictive language in the policy, there are no restrictions. His reliance is misplaced.

Unlike the policy at issue here, in *Liljestrand*, State Farm provided UIM coverage as part of the policy. The terms of the UIM coverage were, however, more generous than those required by the statute. State Farm tried to invoke the statute as a limitation to avoid honoring the more generous UIM coverage. The court in *Liljestrand* held "that the statutory limitations do not apply to an insurance policy which does not contain such limitations." *Id.* at 284. *Liljestrand* stands for the proposition that limitations contained in the UIM statute do not operate to override more expansive coverage in the policy. *Id.* at 290. Here, Mr. Fuller's employer did not contract for any UIM coverage. Accordingly, the statute sets the minimum coverage and terms of coverage. *Touchette v. Northwestern Mut. Ins. Co.*, 80 Wn.2d 327, 332-33, 494 P.2d 479 (1972).

And the phantom motorist coverage provided by RCW 48.22.030(8) clearly and unambiguously requires corroboration and reporting. Where the statutory language is clear and unambiguous, the meaning is derived from the language of the statute itself. *Clements*, 121 Wn.2d at 254. If a policy provides for less than the statutory UIM coverage, the statute is read into and becomes part of the policy and is construed so as to achieve the purpose of the statute. *Touchette*, 80 Wn.2d at 332-33.

■ The Fullers' additional claims for unfair practices under the Consumer Protection Act and attorney fees necessarily fail with our resolution of the coverage issue. Travelers' interpretation of its contract was based upon a reasonable reading of the law, as we have decided, and represents neither bad faith nor misrepresentation.

The trial court's summary dismissal of the Fullers' claims is affirmed.

SCHULTHEIS and KURTZ, JJ., concur.

Review denied at 135 Wn.2d 1007 (1998).