[No. 23839-0-II.   Division Two.   October 22, 1999.]

JAMES ALEXANDER WOOD, *Respondent*, v. MUTUAL OF ENUMCLAW INSURANCE COMPANY, *Appellant*.

*Terrance D. Hannan* of *Blair, Schaefer, Hutchison & Wolfe L.L.P.*, for appellant.

*Ben Shafton* of *Morse & Bratt*, for respondent.

BRIDGEWATER, C.J. — The trial court granted summary judgment in a declaratory judgment action in favor of James Alexander Wood against Mutual of Enumclaw Insurance Company. The issue we are asked to decide is whether,

after the new statute mandating the offering of personal injury protection insurance (PIP) by insurers, a PIP payment can still be offset against underinsured motorist (UIM) coverage when the insured has fully recovered and there is an offset clause. We hold the offset clause to be valid and reverse.

Wood was injured in an accident caused by an uninsured motorist. Wood was insured by a Mutual of Enumclaw policy that provided $10,000 in PIP coverage and $100,000 in UIM coverage. The UIM provision contained the clause: "Any amount paid or payable under . . . Personal Injury Protection coverage will not be paid again as damage under Damages under this (UIM) coverage. This does not reduce the limits of liability coverage."

Soon after the accident, Mutual of Enumclaw paid Wood $10,000 in PIP. When Wood and the insurer could not agree on the value of Wood's UIM claim, the matter was arbitrated pursuant to the insurance contract. The arbitration panel awarded Wood $74,617.40 for the UIM claim, consisting of $14,617.40 for special damages and $60,000 in general damages. Mutual of Enumclaw paid $64,617.40 to Wood, claiming a $10,000 credit for PIP benefits previously paid.

Wood filed a complaint for declaratory judgment, in which he sought an order disallowing the $10,000 offset. (In essence, Wood claimed that he was entitled to a total of $84,617.40 from his insurer as a result of the accident.) The trial court granted Wood's motion for summary judgment, attorney fees, and costs.

## I. Standard of Review

■■ The case presents purely legal issues. An appellate court reviews the grant of summary judgment de novo. " 'Construction of an insurance policy is a question of law for the courts, the policy is construed as a whole, and the policy " 'should be given a fair, reasonable, and sensible construction as would be given to the contract by the aver-

age person purchasing insurance.' " ' " *Kitsap County v. Allstate Ins. Co.*, 136 Wn.2d 567, 575, 964 P.2d 1173 (1998) (quoting *Queen City Farms, Inc. v. Central Nat'l Ins. Co.*, 126 Wn.2d 50, 65, 882 P.2d 703, 891 P.2d 718 (1994)). Wood asserts that the contract's PIP offset equates to an exclusion clause of the UIM policy, which impermissibly limits Wood's statutory right to PIP and UIM benefits. Wood asserts that the state of the law is different since RCW 48.22.085 required insurers to offer PIP benefits for all new policies and renewals after July 1, 1994. Under *Kyrkos v. State Farm Mutual Automobile Insurance Co.*, 121 Wn.2d 669, 852 P.2d 1078 (1993), we are to consider whether the proposed exclusion conflicts with the express language of the statute and, if not, whether the exclusion is contrary to the purpose of the statute. The *Kyrkos* test presents purely legal questions.

## II. UIM Award May Be Offset By PIP Payments

■ When UIM, but not PIP, offerings were required by statute, we addressed whether PIP payments may be offset against UIM awards in *Barney v. Safeco Insurance Co. of America*, 73 Wn. App. 426, 430-31, 869 P.2d 1093 (1994), *overruled on other grounds by Price v. Farmers Insurance Co.*, 133 Wn.2d 490, 946 P.2d 388 (1997). When an insurance contract contains a clear offset clause, it should be given effect to the extent that the insured remains fully compensated for his or her damages. *Barney*, 73 Wn. App. at 430-31 (declining to allow offset where insurance contract does not clearly provide for one).[1] The holding in *Barney* is supported by the reasoning contained in *Keenan v. Industrial Indemnity Insurance Co.*, 108 Wn.2d 314, 738 P.2d 270 (1987), *overruled on other grounds by Price*, 133

---

[1]Specifically, this court stated, "Our holding [denying an offset by Safeco] would be otherwise if the insurance contract contained an offset clause permitting Safeco to deduct the amount paid under its medical payments coverage from the amount due under its UIM coverage. The benefit-of-the-bargain measure of damages would still apply, but Safeco could take a $5,000 deduction without depriving Barney of the full benefit of his bargain." *Barney*, 73 Wn. App. at 430-31.

Wn.2d 490; *Taxter v. Safeco Insurance Co. of America*, 44 Wn. App. 121, 131, 721 P.2d 972 (1986), *review denied*, 108 Wn.2d 1037 (1987); and cases from other jurisdictions.

In *Price*, the supreme court held that the superior court is without jurisdiction to decide disputed coverage issues (such as a PIP offset from UIM) in an action to enforce an arbitration award. 133 Wn.2d at 496-502. Because *Barney* and *Keenan* both involved actions to enforce an arbitration award, they were overruled in part by *Price*. The present case was brought as a declaratory judgment action, which is the proper vehicle for advancing the legal dispute, according to *Price*. Applying the substantive reasoning of *Barney*, which remains unaffected by the procedural holding of *Price*, we reach the same conclusion as we did in *Barney*, holding that a contractual offset clause is enforceable. Such holding, as this, is consistent with the new statute.

Wood does not argue that the contract language is ambiguous. Nor does he attack the reasoning of this court in *Barney*. Wood's sole argument is that all Washington precedent on this issue should be reexamined in light of the fact that the law now requires that minimum PIP benefits be offered in all automobile liability insurance policies. *See* RCW 48.22.085, .090, .095; LAWS OF 1993, ch. 242, §§ 2, 3, 4. Because the Legislature did not provide for such offsets in the PIP or UIM statutes, Wood argues that a contract clause providing for such an offset violates public policy.

### III. Does the Contract Violate Public Policy?

■ Applying the test set forth in *Kyrkos*, this court must first determine whether the offset conflicts with the express language of the UIM or PIP statutes. Wood does not explain where the conflict arises; instead, he argues that because the Legislature did not specifically authorize the offset of PIP payment from a UIM award, such offsets must not be allowed. By ignoring the first part of the *Kyrkos* test, he acknowledges that there is no express conflict between the contract and the statutes.

Turning to the second part of the *Kyrkos* test, we examine whether the offset is in conflict with the purpose of the UIM or PIP statutes. The Legislature created the UIM statute "[to allow] an injured party to recover those damages which the injured party would have received had the responsible party been insured with liability limits as broad as the injured party's statutorily mandated underinsured motorist coverage limits." *Britton v. Safeco Ins. Co. of Am.*, 104 Wn.2d 518, 531, 707 P.2d 125 (1985). Or put more succinctly, the purpose of UIM coverage is to place the insured in the same position as if a tortfeasor carried adequate liability insurance. *Dayton v. Farmers Ins. Group*, 124 Wn.2d 277, 281, 876 P.2d 896 (1994). While Wood suggests that PIP policies are "invested with public policy concerns," he does not identify the relevant public policy behind the PIP statutes, nor explain how the policy is offended by the insurer's offset. PIP policies provide a contractual (no-fault) right of action against one's own insurer for medical expenses (and certain other losses) arising from motor vehicle accidents. RCW 48.22.085, .090. Insurers must offer the coverage, but an insured may waive it. RCW 48.22-.085(2). State legislatures across the country have required PIP coverage in order "to remedy the long recognized and serious problem of the tort system's inability to rapidly, adequately, and fairly compensate victims of automobile accidents." 7 Am. Jur. 2d *Automobile Insurance* § 31 (1997).

Considering the purpose of the UIM and PIP statutes, we consider what would have happened in this case had the tortfeasor been fully insured. Mutual of Enumclaw would have to pay up to $10,000 in PIP benefits pursuant to its contract with Wood. But Mutual of Enumclaw would have an equitable (and presumably contractual) right of subrogation for the $10,000. *See Roberts v. Safeco Ins. Co.*, 87 Wn. App. 604, 608, 941 P.2d 668 (1997) (citing *State Farm Mut. Auto. Ins. Co. v. Lou*, 36 Wn. App. 838, 840-41, 678 P.2d 339 (1984)). Thus, Mutual of Enumclaw would be able to recoup $10,000 of Wood's total claim from the other insurance company for the PIP benefits already paid to

him. Wood concedes that Mutual of Enumclaw would have such a subrogated interest had the tortfeasor been insured and he, Wood, were fully compensated. Assuming Wood's total damages to be $74,617.40, he would have been entitled to $64,617.40 from the tortfeasor's insurance company and $10,000 in PIP from Mutual of Enumclaw, whereas Mutual of Enumclaw would have received $10,000 from the other insurance company. Therefore, in the present case, Wood received the same amount from his insurer that he would have received had the tortfeasor been insured. Thus, the purpose of the UIM statute has not been thwarted by Mutual of Enumclaw's offset provision. Nor has the purpose of the PIP statute been violated either; as we explained in *Barney*, this is a contract action, and Wood received all of the benefits that he bargained for.

Wood also asserted that the offset clause was in the wrong section of the insurance contract. It appears in the UIM section, not the PIP section. The record does not contain the full contract because the parties agreed that the only relevant section was the offset clause. Assuming that the clause appeared in the UIM section, it would not have mattered because we read the contract as a whole. *Barney*, 73 Wn. App. at 429.

## IV. Attorney Fees

Because Wood was not wrongfully denied coverage, he was not entitled to an award of attorney fees. *Olympic S.S. Co. v. Centennial Ins. Co.*, 117 Wn.2d 37, 52-53, 811 P.2d 673 (1991).

Reversed.

MORGAN and HOUGHTON, JJ., concur.