88 P.3d 993 (2004)
Jessie SCHLENER, Respondent,
v.
ALLSTATE INSURANCE COMPANY, Appellant.
No. 22173-3-III.
Court of Appeals of Washington, Division 3, Panel Eight.
April 27, 2004.
*994 Christine M. Weaver, Miller, Devlin, McLean & Weaver PS, Spokane, for Appellant.
Patrick R. Acres, Moses Lake, for Respondent.
SWEENEY, A.C.J.
The court is again faced with the question of whether an insurer may enforce an underinsured motorist policy provision which permits it to reduce "damages payable" by collateral payments made to its insured from a third partyhere another insurance carrier. Allstate Ins. Co. v. Welch, 45 Wash.App. 740, 741, 727 P.2d 268 (1986). And again we conclude it may not. Id. at 743, 727 P.2d 268.

FACTS
Jessie Schlener was a passenger in a car driven by her son-in-law, Larry Bollback. A car traveling on the wrong side of a highway hit them head on. Ms. Schlener was seriously injured.
The at-fault driver was insured by Allstate Insurance Company. Allstate paid the $25,000 liability limits to Ms. Schlener. Selective Insurance Company insured Mr. Bollback. Selective paid Ms. Schlener $10,000 for medical expenses and waived its subrogation interest.
Ms. Schlener sought benefits under her own underinsured motorist (UIM) policy with Allstate. At arbitration, she was awarded $122,112.40, subject to "applicable offsets." Clerk's Papers (CP) at 79. The court entered an order confirming the net arbitration award of $87,112.40 to Ms. Schlener. This reflected a reduction of $25,000 for the tortfeasor's liability limits previously paid (the Allstate limits). The court reserved $10,000 for the disputed setoff for Selective's medical payment.
Allstate moved for an order authorizing a $10,000 setoff against its UIM obligation. The court denied the motion and also awarded Ms. Schlener $3,000 for attorney fees.

*995 DISCUSSION
Allstate's position is that Ms. Schlener's policy with Allstate clearly and unambiguously provides that damages will be reduced by any personal injury protection (PIP) payments.
The material facts here are not in dispute and the question before us is one of law. So our review is de novo. Tyrrell v. Farmers Ins. Co. of Wash., 140 Wash.2d 129, 133, 994 P.2d 833 (2000).
The policy language at issue reads:
Damages payable will be reduced by:
....
(2) all amounts paid or payable under any workers compensation law, or similar disability benefits law, Personal Injury Protection Payments, Automobile Medical Payments, or any similar automobile medical payments coverage.
CP at 55 (emphasis added).
But an insurance regulatory statute also becomes part of the insurance policy. Britton v. Safeco Ins. Co. of Am., 104 Wash.2d 518, 526, 707 P.2d 125 (1985). In order to be enforceable, "the terms and conditions of the insured's contract with the UIM carrier must be consistent with the statute and cases construing it." Blackburn v. Safeco Ins. Co., 115 Wash.2d 82, 86, 794 P.2d 1259 (1990). The underinsured provisions "allow[ ] an injured party to recover those damages which the injured party would have received had the responsible party been insured with liability limits as broad as the injured party's statutorily mandated underinsured motorist coverage limits." Britton, 104 Wash.2d at 531, 707 P.2d 125. Any policy provision which limits or reduces the amount of UIM coverage mandated by statute is void as against public policy. Welch, 45 Wash.App. 740, 727 P.2d 268.
The question before us has already been decided albeit in a slightly different context in Welch. There, the policy language was almost identical.[1] Mr. Welch was injured by an uninsured motorist. He filed a claim for and received worker's compensation benefits as a result of his injuries. Allstate moved for summary judgment to set off the amounts paid by the worker's compensation. The trial court granted the motion. Division One of this court reversed, holding that the reduction provision was against public policy. Id. at 743, 727 P.2d 268.
The Welch court first set forth the rule which we apply here: "an insurer cannot limit or reduce the amount of underinsured motorist coverage mandated by statute unless such limitation or reduction has been expressly authorized by the Legislature." Id. (citing Britton, 104 Wash.2d 518, 707 P.2d 125). The provision was void as against public policy because a reduction pursuant to the provision at issue could result in a reduction of the coverage mandated by statute and there is no statutory authorization for the setoff provision. Id.
The court reached the same result in Britton, the case upon which the Welch court relied. Britton, 104 Wash.2d at 531, 707 P.2d 125. And the same is true here.
This offset provision is against public policy and therefore void. It reduces the insurer's statutory obligation.
Allstate argues that Ms. Schlener is not entitled to attorney fees because she was not wrongfully denied coverage; rather she was paid the value of her UIM award less applicable offsets. See Wood v. Mut. of Enumclaw Ins. Co., 97 Wash.App. 721, 727, 986 P.2d 833 (1999). Whether a particular statutory or contractual provision, or recognized ground in equity, authorizes an award of attorney fees is a legal question which we review de novo. Tradewell Group, Inc. v. Mavis, 71 Wash.App. 120, 126-27, 857 P.2d 1053 (1993).
An award of attorney fees is "required in any legal action where the insurer compels the insured to assume the burden of legal action, to obtain the full benefit of his *996 insurance contract." Olympic S.S. Co. v. Centennial Ins. Co., 117 Wash.2d 37, 53, 811 P.2d 673 (1991). An award of fees is appropriate under Olympic Steamship where the insurer forces the insured to litigate questions of coverage, but not where the dispute merely involves the value of a claim. Dayton v. Farmers Ins. Group, 124 Wash.2d 277, 280-81, 876 P.2d 896 (1994). Generally coverage questions involve who is insured, the type of risk insured against, or whether the insurance contract exists. Kroeger v. First Nat'l Ins. Co. of Am., 80 Wash.App. 207, 210, 908 P.2d 371 (1995).
This controversy here is not over the extent of Ms. Schlener's damages; that was resolved by the arbitrator. This dispute is over the validity of an insurance provision that reduces coverage. The award of attorney fees was, then, proper.
Ms. Schlener is also entitled to reasonable attorney fees and expenses on appeal. RAP 18.1(a).
We affirm the judgment of the trial court.
WE CONCUR: KURTZ and BROWN, JJ.
NOTES
[1] It read:

"Damages payable will be reduced by:
(2) all amounts paid or payable under any workman's compensation, or similar disability benefits law, Personal Injury Protection Payments, Automobile Medical Payments, or any similar automobile medical payments coverage."
Id. at 741, 727 P.2d 268.