115 P.3d 363 (2005)
Kathleen BOAG, Appellant,
v.
FARMERS INSURANCE COMPANY OF WASHINGTON, Respondent.
No. 31835-1-II.
Court of Appeals of Washington, Division 2.
July 7, 2005.
*364 Ben Shafton, Attorney at Law, Vancouver, WA, for Appellant.
Mark Stanley Brumbaugh, Attorney at Law, Longview, WA, for Respondent.
HOUGHTON, J.
¶ 1 Kathleen Boag settled a claim against an underinsured motorist for his insurance policy limits. She also sought personal injury protection (PIP) and underinsured motorist (UIM) benefits from her insurer, Farmers Insurance Company of Washington. Farmers paid her $74,883.16 in PIP benefits. Through arbitration, she received a $137,095.11 UIM award. Boag appeals a trial court order offsetting $62,788.05 of Farmers' PIP payments against her UIM award. We affirm.

FACTS
¶ 2 An underinsured driver injured Boag in a motor vehicle accident. The tortfeasor-driver had $25,000 liability insurance limits for injury to any one person. Boag settled her claim against the tortfeasor-driver in exchange for his $25,000 in policy limits. Boag had underinsured motorist coverage (UIM) *365 and personal injury protection (PIP) benefits on her policy through Farmers. Boag's UIM coverage had a $100,000 limit.
¶ 3 Initially, Farmers paid Boag $65,783.16 in PIP benefits. Boag sued Farmers, seeking an additional $9,100 in PIP benefits. Farmers paid Boag this amount in 2003 following litigation in which we held Farmers liable for the additional amount.[1] Farmers paid Boag $74,883.16[2] in total PIP benefits.
¶ 4 Boag also sought UIM benefits from Farmers through arbitration. The arbitration award totaled $137, 095.11. Following the arbitration, a dispute arose between Boag and Farmers regarding offsets against her award.
¶ 5 Boag filed a complaint for declaratory relief and damages. Boag moved for summary judgment, asserting that no genuine issue of material fact precluded entering judgment as a matter of law. The trial court delayed its decision pending the outcome of her lawsuit against Farmers for the $9,100 in PIP benefits.[3]
¶ 6 In arguing her summary judgment motion, Boag claimed that Farmers could not offset more than $25,000, the tortfeasor's policy limit. Farmers argued that it could offset $74,883.06, the entire amount of PIP benefits it had paid Boag.
¶ 7 In determining the offset, the trial court reviewed Boag's recovery worksheets that included attorney fees and costs based on Winters v. State Farm Mutual Automobile Insurance Co., 144 Wash.2d 869, 31 P.3d 1164 (2001).[4] One worksheet calculated a $28,794.29 net recovery if the court accepted Boag's legal arguments. Another worksheet calculated a $5,115.73 net recovery if the court accepted the insurer's legal arguments.
¶ 8 The court declined to adopt Boag's reasoning and awarded Boag a $5,115.73 net recovery, plus prejudgment interest from July 26, 2002, and costs.[5] It awarded attorney fees and costs on reconsideration.
¶ 9 Boag appeals.

ANALYSIS

Summary Judgment
¶ 10 Boag contends that, under the terms of her insurance policy with Farmers, Farmers may offset PIP payments up to $25,000, the amount equal to what Boag recovered from the tortfeasor-driver, reduced by the amount of attorney fees Boag incurred in obtaining the $25,000 recovery. She raises two arguments.
¶ 11 First, she asserts that Farmers waived its right to an offset under the "offset clause"[6] in her insurance policy because it *366 did not obtain her written agreement. At oral argument, Farmers agreed that it did not obtain her written agreement and that the PIP "offset clause" does not apply. Nevertheless, Farmers argues that under its subrogation or "right to recover" clause, it may offset the payments it made. Farmers Ins. Co. v. Lautenbach, 93 Wash.App. 671, 679, 963 P.2d 965 (1998), review denied, 138 Wash.2d 1012, 989 P.2d 1140 (1999); Price v. Farmers Ins. Co., 82 Wash.App. 20, 24, 916 P.2d 949 (1996), rev'd on other grounds, 133 Wash.2d 490, 946 P.2d 388 (1997).[7]
¶ 12 Second, Boag asserts that under the "right to recover" clause in Boag's policy, any offset for PIP benefits that Farmers paid cannot exceed the tortfeasor's liability limits. She argues that under Barney v. Safeco Ins. Co. of Am., 73 Wash.App. 426, 869 P.2d 1093 (1994), overruled on other grounds, Price, 133 Wash.2d 490, 946 P.2d 388, she is entitled to the "benefit of her bargain" and the Farmers' policy language controls its offset.
¶ 13 The parties do not dispute the facts. Thus, we review de novo only the court's legal analysis based on the undisputed facts. Enter. Leasing, Inc. v. City of Tacoma, 139 Wash.2d 546, 551-52, 988 P.2d 961 (1999).
¶ 14 Here, the "right to recover," or subrogation clause, in Boag's policy states in pertinent part:
When a person has been paid damages by us under this policy and also recovers from another, we shall be reimbursed to the extent of our payment after that person has been fully compensated for his or her loss.
Except as limited above, we are entitled to all the rights of recovery of the person to whom payment was made against another. That person must sign and deliver to us any legal papers relating to that recovery, do whatever else is necessary to help us exercise those rights and do nothing after the loss to prejudice our rights.
Clerk's Papers (CP) at 64.
¶ 15 We begin by noting that an insurer "stands in the shoes of the tortfeasor" for purposes of UIM coverage. Hamm v. State Farm Mut. Auto. Ins. Co., 151 Wash.2d 303, 308, 88 P.3d 395 (2004). Thus, we treat payments made by the UIM carrier as if made by the tortfeasor. Hamm, 151 Wash.2d at 309, 88 P.3d 395. Accordingly, UIM carriers may offset the amount of any tortfeasor recovery from the amounts owed to an insured under a UIM policy. Hamm, 151 Wash.2d at 308, 88 P.3d 395.
¶ 16 Additionally, when the insured receives full recovery, the PIP carrier may seek reimbursement from its insured for the PIP benefits it previously paid. Hamm, 151 Wash.2d at 308, 88 P.3d 395. The written insurance contract governs whether PIP benefits can be offset against UIM benefits. Lautenbach, 93 Wash.App. at 679, 963 P.2d 965.
¶ 17 Citing a footnote in Keenan v. Industrial Indemnity Insurance Co., 108 Wash.2d 314, 317-18 n. 1, 738 P.2d 270 (1987), Boag asserts that Farmers' policy language entitles it to offset PIP benefits only to the extent of the tortfeasor-driver's $25,000 in coverage. We disagree.
¶ 18 In Keenan, the insured's Industrial Indemnity policy contained the following provision in the PIP portion of the policy: "If we [Industrial Indemnity] make a payment under this [PIP] coverage and the person to or for whom payment is made recovers damages from another, that person shall reimburse us to the extent of our payment." 108 Wash.2d at 316, 738 P.2d 270.
¶ 19 In a footnote, the court noted that:

*367 The clause provides for reimbursement "to the extent of our [Industrial Indemnity's] payment" if the plaintiff "recovers damages from another." Because this latter clause is ambiguous, and because ambiguities in insurance policies are to be construed against the insurer, we construe this clause as requiring reimbursement only to the extent that the plaintiff recovered PIP-attributable damages from the tortfeasor's liability insurer.
Keenan, 108 Wash.2d at 317-18 n. 1, 738 P.2d 270 (citations omitted).
¶ 20 At issue in Keenan was whether the above clause gave Industrial Indemnity a right to offset PIP payments it made to Keenan. 108 Wash.2d at 317-18, 738 P.2d 270. Concluding that it did, the Keenan court specifically recognized that Keenan would still be fully compensated if Industrial Indemnity were allowed to offset its PIP payments. 108 Wash.2d at 318-22, 738 P.2d 270. The court never discussed whether Industrial Indemnity's PIP offset would be limited to the amount Keenan recovered from the tortfeasor.[8] Because the facts differ here and Boag has been fully compensated, Keenan does not support Boag's argument.
¶ 21 Boag further misinterprets what the Keenan court meant by "requiring reimbursement only to the extent that the plaintiff recovered PIP-attributable damages from the tortfeasor's liability insurer." Keenan, 108 Wash.2d at 318, 738 P.2d 270; Appellant's Brief at 11. Boag concludes that this phrase means PIP benefits may be offset only up to the amount paid by a tortfeasor.
¶ 22 When viewed in the entire context of the Keenan opinion, the statement simply means that an offset for PIP benefits should be allowed only when an insured's recovery from a tortfeasor is for the same type of damages that PIP benefits are meant to cover and not as a limit on the amount of PIP payment offset. The Keenan footnote does not support Boag's interpretation. Accordingly, we decline to interpret the "right to recover" clause in Boag's insurance policy as Boag suggests.
¶ 23 Moreover, an injured party has no right to be placed in a better position because an uninsured rather than an insured tortfeasor hit her. Keenan, 108 Wash.2d at 321, 738 P.2d 270. This betterment occurs if we adopt Boag's interpretation of the "right to recover" clause in her policy with Farmers.
¶ 24 Because Boag's interpretation of Keenan, 108 Wash.2d 314, 738 P.2d 270, does not apply, we engage in "`a fair, reasonable, and sensible construction as would be given to the contract by the average person purchasing insurance." Wood v. Mut. of Enumclaw Ins. Co., 97 Wash.App. 721, 723-24, 986 P.2d 833 (1999) (quoting Kitsap County v. Allstate Ins. Co., 136 Wash.2d 567, 575, 964 P.2d 1173 (1998)). Under this construction, the "right to recover" clause in Boag's Farmers policy simply states that where Boag has been fully compensated, Farmers retains a right to recover an offset for any PIP payment it made to Boag where she recovered payment from another. See also Wood, 97 Wash.App. at 723-24, 986 P.2d 833 (insurance policy construed as a whole and given a fair, reasonable, and sensible construction as would be given to the contract by the average person purchasing insurance). As Boag received the arbitration-determined recovery, she has been fully compensated.

Attorney Fees
¶ 25 Boag seeks attorney fees on appeal, arguing that this case involves her right to benefits under her insurance policy with Farmers. We disagree.
¶ 26 An insured who must sue in order to obtain coverage is entitled to attorney fees; however, this rule applies only in disputed coverage cases and not where the value of an insureds claim is at issue. Lautenbach, 93 Wash.App. at 680, 963 P.2d 965 (Insured was not entitled to attorney fees where automobile insurer did not dispute *368 underinsured motorist (UIM) coverage, but only the amount due under such coverage by reason of offset for payment by tortfeasors liability insurer.). Farmers does not dispute coverage, only the extent of coverage, and Boag's argument fails.
¶ 27 Affirmed.
We concur: QUINN-BRINTNALL, C.J., and VAN DEREN, J.
NOTES
[1] See Boag v. Farmers Ins. Co., 117 Wash.App. 116, 69 P.3d 370 (2003).
[2] The trial court's order on summary judgment incorrectly cites this figure as $74,882.16.
[3] In her complaint for damages, Boag alleged that Farmers had paid only $50,000. Before the summary judgment hearing, Farmers paid Boag an additional $55,540.47 based on the arbitration award.
[4] In order to take an offset to reimburse itself for past PIP payments, an insurer must pay a pro rata share of the legal expenses incurred by its insured in recovering from a tortfeasor and in pursuing her UIM claim. Winters, 144 Wash.2d at 883, 31 P.3d 1164. The ratio for determining an insurers pro rata share of legal expenses is calculated by dividing the amount of the PIP reimbursement by the amount of the insureds total damages. Safeco Ins. Co. v. Woodley, 150 Wash.2d 765, 772-73, 82 P.3d 660 (2004). The insureds legal expenses are then multiplied by this ratio to establish the amount of the pro rata attorney fee award. Safeco, 150 Wash.2d at 772-73, 82 P.3d 660.
[5] It determined Boag's award by subtracting her arbitration award from the total she had received from Farmers and the tortfeasor's insurer to determine the offset, calculated as:

 Farmers' Payments $ 100,000.00 (UIM)
 + 74,883.16 (PIP)
 Tortfeasor Policy Limits + 25,000.00
 __________
 $ 199,883.16
 Arbitration Award 137,095.11
 __________
 Court Determined Offset $ 62,788.05
 Clerk's Papers (CP) at 130-33, 128-29.

[6] Boag's policy contained an "offset clause" under its Personal Injury Protection:

Payment of Benefits
No payments shall be made under this coverage unless the insured person or his legal representative shall have agreed in writing that the amount of such payments shall be applied toward settlement of any claim or satisfaction of any award entered in his favor under underinsured motorists coverage in this or any other policy of the Farmers Insurance Group of Companies.
CP at 61. No one disputes that Farmers made PIP payments without obtaining such a written agreement.
[7] In Price, 133 Wash.2d at 500, 946 P.2d 388, our Supreme Court held that a court lacks jurisdiction to decide offset issues when faced with a motion to confirm an underinsured motorist arbitration award. In doing so, it overruled Keenan v. Indus. Indem. Ins. Co., 108 Wash.2d 314, 738 P.2d 270 (1987) and Barney v. Safeco Ins. Co. of Am., 73 Wash.App. 426, 869 P.2d 1093 (1994) on this issue, but it did not overrule on other issues decided in those cases.
[8] This might be because in Keenan, as in Boag's case, Keenan's UIM damages exceeded the tortfeasor's liability insurance coverage of $25,000, but Industrial Indemnity paid only $9,999.90 in PIP benefits. Thus, Industrial Indemnity's PIP offset did not exceed the tortfeasor's policy limit. See Keenan, 108 Wash.2d at 316-17, 738 P.2d 270.