[No. 33043-1-II.   Division Two.   April 25, 2006.]

MARY C. DEVANY, *Appellant*, v. FARMERS INSURANCE COMPANY OF WASHINGTON, *Respondent*.

*Bruce Colven* (of *Caron, Colven, Robison & Shafton*), for appellant.

*Sidney R. Snyder, Jr.* (of *Merrick, Hofstedt & Lindsey, P.S.*), and *Ronald S. Dinning*, for respondent.

¶1 PENOYAR, J. — Mary DeVany appeals the trial court's grant of summary judgment to Farmers Insurance Company of Washington, allowing Farmers to deduct the underinsured's full policy limits from DeVany's underinsured motorist (UIM) benefits. We affirm.

## FACTS

¶2 The facts in this case are undisputed.

¶3 On October 2, 1996, Mary DeVany was injured in a car accident when her car collided with Noah Boling's car. Boling (the underinsured tortfeasor) was insured by

Allstate Insurance with liability limits of $25,000, and DeVany was insured by Farmers with UIM coverage of $100,000.

¶4 After the accident, DeVany sued Boling for damages and ultimately settled her claims with Boling for $23,000.00. She then filed a claim for UIM benefits from Farmers. The claim was arbitrated, and the arbitrator determined that DeVany's total damages were $44,838.47.

¶5 After arbitration, DeVany and Farmers agreed that Farmers was entitled to reduce DeVany's UIM payment by $4,505.50 for previously paid personal injury protection benefits, less a share of DeVany's legal expenses. The parties disagreed on whether Farmers could also deduct the underinsured tortfeasor's $25,000.00 liability limits. Farmers paid DeVany $15,332.97, the undisputed amount.

¶6 DeVany sought a declaratory judgment, arguing that Farmers was not entitled to offset the UIM benefits owed under DeVany's policy with the amount of the tortfeasor's liability limits. Farmers moved for summary judgment, and DeVany cross-moved for summary judgment. The trial court, after considering the applicable evidence and viewing the facts most favorably to DeVany, granted Farmers's motion for summary judgment and denied DeVany's. DeVany appeals the trial court's order.

ANALYSIS

I. STANDARD OF REVIEW ON APPEAL FROM SUMMARY JUDGMENT

■ ■ ¶7 We review a summary judgment de novo. *Troxell v. Rainier Pub. Sch. Dist. No. 307*, 154 Wn.2d 345, 350, 111 P.3d 1173 (2005). Summary judgment is appropriate only if the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. CR 56(c). We consider all facts in the light most favorable to the nonmoving party. *Vallandigham v. Clover Park Sch. Dist. No. 400*, 154 Wn.2d 16, 26, 109 P.3d 805 (2005).

## II. UNDERINSURED MOTORIST COVERAGE

¶8 DeVany argues that because there is no specific clause in Farmer's insurance policy allowing a setoff for the amount received from the tortfeasor, Farmers is not entitled to deduct the underinsured tortfeasor's policy limits from her UIM benefit. We disagree.

¶9 Washington's UIM coverage statute expressly requires that UIM coverage applies whenever a tortfeasor's insurance coverage is insufficient to compensate the victim for all her damages. *Hamilton v. Farmers Ins. Co. of Wash.*, 107 Wn.2d 721, 726, 733 P.2d 213 (1987). In this case, because the tortfeasor's policy limits were $25,000.00 and DeVany's injuries totaled $44,838.47, DeVany was injured by an underinsured motor vehicle and is entitled to UIM coverage.

¶10 The purpose of UIM coverage is to allow an injured party to recover those damages the injured party would have received had the responsible party been insured with liability limits as broad as the injured party's UIM limits. *Hamilton*, 107 Wn.2d at 727 (quoting *Britton v. Safeco Ins. Co. of Am.*, 104 Wn.2d 518, 531, 707 P.2d 125 (1985)). In RCW 48.22.040(3), Washington's Legislature specifically provided insurers a right of reimbursement:

> In the event of payment to an insured under the coverage required by this chapter and subject to the terms and conditions of such coverage, the insurer making such payment shall, to the extent thereof, be entitled to the proceeds of any settlement or judgment resulting from the exercise of any rights of recovery of such insured against any person or organization legally responsible for the bodily injury, death, or property damage for which such payment is made. . . .

Our Supreme Court has explained, "[f]or purposes of UIM coverage, the insurance carrier is said to stand in the shoes of the tortfeasor, and payments made by the UIM carrier are treated as if they were made by the tortfeasor." *Hamm v. State Farm Mut. Auto. Ins. Co.*, 151 Wn.2d 303, 308, 88 P.3d 395 (2004).

¶11 In *Hamilton*, the court held that an underinsurer's potential subrogation rights are not prejudiced by an insured's settlement with the tortfeasor. *Hamilton*, 107 Wn.2d at 722. Although it concerns subrogation rights, *Hamilton* still applies here because the court reached its holding on subrogation rights by relying on the reasoning that an injured insured must be fully compensated, but not *over*compensated, for her injuries caused by an underinsured motorist. *See Hamilton*, 107 Wn.2d at 727. "Only after the insured is fully compensated can the underinsurer retain any excess recovery." *Hamilton*, 107 Wn.2d at 735.

¶12 DeVany settled her claim with the tortfeasor for $23,000.00, which is $2,000.00 less than the tortfeasor's insurance policy maximum. She received only $42,838.47 in damages, $2,000.00 less than her total damages of $44,838.47, because she agreed to take only $23,000.00 from the tortfeasor. However, "the underinsurer *always* is allowed to credit the full amount of the tortfeasor's liability coverage against the insured's damages." *Hamilton*, 107 Wn.2d at 728 (emphasis added). Farmers should not be penalized for DeVany accepting a settlement amount less than the full $25,000 policy limit. Therefore, under *Hamilton*, Farmers is entitled to a setoff in the amount of the tortfeasor's full policy limits. We affirm the trial court's ruling.

¶13 DeVany relies heavily on *Barney v. Safeco Insurance Co. of America*, 73 Wn. App. 426, 869 P.2d 1093 (1994), and *Liljestrand v. State Farm Mutual Automobile Insurance Co.*, 47 Wn. App. 283, 734 P.2d 945 (1987). Her reliance on each case is misplaced.

¶14 In *Barney*, the injured party disputed the insurance company's deduction of payments made under his medical payments coverage, not tortfeasor recovery, from his UIM benefits. *Barney*, 73 Wn. App. at 428. The court's reasoning hinged on the fact that the appellant was bringing a contract action, not a tort action. *Barney*, 73 Wn. App. at 429.

¶15 Here, DeVany does not dispute Farmers's deduction in UIM benefits for previously paid medical coverage benefits. She disputes Farmers's deduction in UIM benefits for previously received tortfeasor recovery. *Barney* does not apply because DeVany's is not a contract case like *Barney* and contractual principles, like receiving the benefit of the bargain under a contract, are not relevant.

¶16 Furthermore, *Liljestrand* also does not apply because *Liljestrand* concerns the definition of "phantom vehicles" in RCW 48.22.030(8), not the application of setoffs for UIM benefits. *Liljestrand*, 47 Wn. App. at 284. In *Liljestrand*, the court held that statutory limitations on what constitutes a "phantom vehicle" do not apply to an insurance policy unless the policy language contains the limitations. *Liljestrand*, 47 Wn. App. at 284.

¶17 DeVany's attempts to stretch the reasoning in *Liljestrand* to support her argument fail because *Liljestrand* does not address UIM benefits. We affirm the trial court's ruling that Farmers may deduct $25,000.00 from DeVany's recovery for UIM benefits.

III. ATTORNEY FEES

¶18 An insured who must sue in order to *obtain* coverage is entitled to attorney fees. *Boag v. Farmers Ins. Co. of Wash.*, 128 Wn. App. 333, 342, 115 P.3d 363 (2005) (citing *Farmers Ins. Co. of Wash. v. Lautenbach*, 93 Wn. App. 671, 680, 963 P.2d 965 (1998)). However, this rule applies only in disputed coverage cases and not where the value of an insured's claim is at issue. *Boag*, 128 Wn. App. at 342.

¶19 Relying on *Olympic Steamship Co. v. Centennial Insurance Co.*, 117 Wn.2d 37, 54, 811 P.2d 673 (1991), DeVany argues she is entitled to reasonable attorney fees incurred to receive the benefit of her insurance contract with Farmers. However, DeVany disputes the amount of the UIM benefits she received, not a denial of UIM benefits. Attorney fees are not appropriate in this case and we do not award them.

¶20  We affirm the trial court on all grounds.

HOUGHTON and ARMSTRONG, JJ., concur.

Review denied at 160 Wn.2d 1011 (2007).