[No. 15503-6-II.    Division Two.    March 22, 1994.]

RAY BARNEY, *Appellant,* v. SAFECO INSURANCE
COMPANY OF AMERICA, *Respondent.*

*Ben Shafton* and *Morse & Bratt,* for appellant.

*Terrance D. Hannan* and *Blair, Schaefer, Hutchinson & Wolfe,* for respondent.

MORGAN, C.J. — Ray Barney appeals from a superior court order that allowed Safeco Insurance Company to deduct $5,000 from an uninsured motorist (UIM) arbitration award. We reverse and remand.

On October 4, 1989, Barney was injured in an auto accident caused by an uninsured or underinsured motorist. At the time, he was insured with Safeco. His policy contained medical payments coverage with limits of $5,000, and underinsured motorist coverage with limits of $500,000. The policy did not contain an offset clause; in other words, it did not state that payments made under the medical payments coverage would reduce payments due under the UIM coverage.

After the accident, Barney claimed under both coverages. Safeco paid its medical payments limits of $5,000. The UIM claim was arbitrated, and the arbitrators awarded damages of $329,127.67. Safeco paid the award,[1] except it unilaterally deducted $5,000 on the theory that it had already paid that amount under Barney's medical payments coverage.

Barney sued to confirm the entire award, including the $5,000 that Safeco had deducted. He also sought reasonable attorney's fees under *Olympic S.S. Co. v. Centennial Ins. Co.,* 117 Wn.2d 37, 811 P.2d 673 (1991). The trial court denied relief.

---

[1]The record does not show whether Safeco deducted the tortfeasor's liability limits, if any. However, that matter is immaterial to this appeal. Assuming Safeco made such a deduction, Barney does not dispute its propriety.

On appeal, Safeco asserts that Barney will achieve "double" recovery if he is allowed to collect 100 percent of the arbitration award, plus medical payments under his medical payments coverage. Safeco says "double" recovery "violates public policy" and should not be allowed.

In response, Barney asserts there is no "public policy" against "double" recovery. He says he is entitled to have his insurance contract interpreted according to the usual rules of construction, and that his contract gives him the right to collect the sum of the amounts due under the two coverages.

■ Clearly, there is a "public policy" against "double" recovery.[2] To say this, however, is to say only that recovery should not exceed the applicable measure of damages. Recovery that does not exceed the applicable measure of damages is not "double" recovery. Conversely, recovery that exceeds the applicable measure of damages is "double" recovery. "Double" recovery "violates public policy" because the applicable measure of damages *is* public policy with respect to how much a claimant should recover.

These observations demonstrate that the phrases "double recovery" and "violates public policy" only obfuscate the real questions in this case. Those questions are (1) what is the applicable measure of damages? and (2) will that measure be exceeded if Barney is permitted to recover the additional $5,000 that he claims?

■ Generally, the measure of damages in a tort action is the amount needed to compensate the claimant for injuries proximately caused by the tortfeasor. *Puget Sound Power & Light Co. v. Strong*, 117 Wn.2d 400, 403, 816 P.2d 716 (1991); *Burr v. Clark*, 30 Wn.2d 149, 157, 190 P.2d 769

---

[2]This policy, however, is subject to exception when circumstances warrant. *E.g.*, RCW 51.24.030(4) (claimant sometimes allowed to recover and retain both UIM and workers' compensation benefits); *Britton v. Safeco Ins. Co. of Am.*, 104 Wn.2d 518, 707 P.2d 125 (1985) (claimant allowed to recover and retain both UIM and Law Enforcement Officers' and Fire Fighters' Retirement System disability benefits); *Washburn v. Beatt Equip. Co.*, 120 Wn.2d 246, 296-97, 840 P.2d 860 (1992) (claimant allowed to retain both settlement payment from settling defendant and damages due from nonsettling defendant).

(1948). Generally, the measure of damages in a contract action is the amount needed to give the claimant the benefit of his or her bargain. *Mason v. Mortgage Am., Inc.*, 114 Wn.2d 842, 849, 792 P.2d 142 (1990); *Eastlake Constr. Co. v. Hess*, 102 Wn.2d 30, 39, 686 P.2d 465 (1984); *Platts v. Arney*, 50 Wn.2d 42, 45, 309 P.2d 372 (1957). Here, Barney is not suing a tortfeasor for damages proximately caused by the tortfeasor. Rather, he is suing his insurer for benefits allegedly due under his insurance contract. Thus, he is bringing a contract action, not a tort action, and the measure of damages is the amount needed to give him the benefit of his bargain with Safeco.

Having determined the applicable measure of damages, we turn to whether that measure will be exceeded if Barney is permitted to recover the $5,000 that he claims. We ask (a) what was the nature of his bargain with Safeco? and (b) will he receive the benefit of that bargain if he does not recover the $5,000 that he claims?

██ The nature of Barney's bargain with Safeco depends on his written insurance contract. RCW 48.18.520.[3] Generally, we must read such a contract as a whole. *Washington Pub. Util. Dists. Utils. Sys. v. PUD 1*, 112 Wn.2d 1, 10, 771 P.2d 701 (1989); *Morgan v. Prudential Ins. Co. of Am.*, 86 Wn.2d 432, 434, 545 P.2d 1193 (1976). If its terms have a clear and unambiguous meaning, we must effectuate that meaning. *Washington Pub. Util. Dists. Utils. Sys.*, 112 Wn.2d at 10; *Greer v. Northwestern Nat'l Ins. Co.*, 109 Wn.2d 191, 197, 743 P.2d 1244 (1987). If its terms have two or more meanings, each of which is reasonable, we must effectuate the reasonable meaning most favorable to the insured. *Washington Pub. Util. Dists. Utils. Sys.*, 112 Wn.2d at 10-11; *Greer*, 109 Wn.2d at 201. In the end, our goal is to read the contract as an average purchaser would have read it at the time of its issuance. *Roller v. Stonewall Ins. Co.*, 115 Wn.2d 679, 682-83,

---

[3]RCW 48.18.520 provides:

"Every insurance contract shall be construed according to the entirety of its terms and conditions as set forth in the policy, and as amplified, extended, or modified by any rider, endorsement, or application attached to and made a part of the policy."

801 P.2d 207 (1990); *Kowal v. Grange Ins. Ass'n,* 110 Wn.2d 239, 244, 751 P.2d 306 (1988); *Greer,* 109 Wn.2d at 198; *Morgan,* 86 Wn.2d at 434.

Here, the insurance contract lacked an offset clause stating that payments made under the medical payments coverage could be deducted from payments due under the UIM coverage. Rather, it stated in its medical payments section:

> We [Safeco] will pay reasonable expenses incurred for necessary medical and funeral services to or for an "insured" who sustains "bodily injury" caused by "accident."

And it additionally stated in its UIM section:

> We [Safeco] will pay all sums the "insured" is legally entitled to recover as damages from the owner or driver of an "underinsured motor vehicle." The damages must result from "bodily injury" or "property damage" sustained by the "insured" caused by an "accident."

When the contract is read as a whole, its plain meaning at the time of issuance, or at least its reasonable meaning most favorable to Barney, was that Safeco would pay the amounts due under both coverages, without offset.

Because the contract manifested this meaning, Barney is entitled to recover the additional $5,000 that he seeks. Public policy, *i.e.,* the applicable measure of damages, calls for Barney to receive the benefit of his bargain, and according to his contract, his bargain included payments under both coverages, without offset.

Our holding would be otherwise if the insurance contract contained an offset clause permitting Safeco to deduct the amount paid under its medical payments coverage from the amount due under its UIM coverage. The benefit-of-the-bargain measure of damages would still apply, but Safeco could take a $5,000 deduction without depriving Barney of the full benefit of his bargain.[4] *See Keenan v. Industrial*

---

[4]This is not to say that Safeco could take a $5,000 deduction if Barney would thereby be deprived of full compensation according to a tort measure of damages. *Taxter v. Safeco Ins. Co. of Am.,* 44 Wn. App. 121, 131, 721 P.2d 972 (1986), *review denied,* 108 Wn.2d 1037 (1987). Washington's UIM statute, RCW 48.22.030, reflects a statutory policy that an insured should be fully compensated according to a tort measure of damages. *Britton,* 104 Wn.2d at 531. The benefit-of-the-

*Indem. Ins. Co.*, 108 Wn.2d 314, 738 P.2d 270 (1987); *Taxter v. Safeco Ins. Co. of Am.*, 44 Wn. App. 121, 131, 721 P.2d 972 (1986), *review denied*, 108 Wn.2d 1037 (1987).

Our holding is consistent with *Keenan* and *Taxter*. In each of those cases, the insurance contract contained a clause stating that the insurer could offset personal injury protection payments against UIM coverage. In each of those cases, the court held that the offset clause would be given effect so long as the insured would still be fully compensated for the damages that he or she was legally entitled to recover, according to a tort measure of damages. In neither case did the court hold that an insured could not recover according to a contract measure of damages, *i.e.*, according to the benefit-of-the-bargain rule, if the insurance contract provided for payments under two coverages, without offset.

Our holding is supported by various commentators. Generally, they state that when an insurance policy lacks an offset clause, the insurer will be required to make, without offset, both medical payments and UIM payments. 8A John A. Appleman & Jean Appleman, *Insurance* § 4902.65, at 282 (1981) (if no setoff provision in policy, insurer "cannot complain of a duplicate recovery"); 8D John A. Appleman & Jean Appleman, *Insurance* § 5128.75, at 186-90 (1981) ("In many instances, such an offset or deduction has flatly been disapproved, certainly where there is no policy provision to this effect." (Footnote omitted.)); 12A George J. Couch, *Insurance* § 45:652 (2d ed. 1981) (statute or insurance policy must provide for offset in clear, unambiguous terms); 2 Irvin E. Schermer, *Automobile Liability Insurance* § 26.04, at 26-18 (2d rev. ed. 1993) ("Prior to the 1963 revision of the standard uninsured motorist endorsement, no provision existed granting an insurer the right to reduce the uninsured motorist recovery to the extent that medical payment benefits were received under the policy.");

bargain rule is a policy created by the common law. When statutory and common law policies conflict, the statutory policy prevails. *Cf. Taxter*, 44 Wn. App. at 130-31.

46A C.J.S. *Insurance* § 1681 (1993) (no reduction in absence of setoff clause in policy).

Our holding is supported by various cases from other jurisdictions. Those cases generally state that when an insurance policy lacks an offset clause, the insurer will be required to pay, without offset, both medical payments and UIM payments. *Employers Nat'l Ins. Co. v. Parker*, 286 Ala. 42, 236 So. 2d 699 (1970); *Russell v. Griffin*, 423 So. 2d 901, 904 (Ala. Civ. App. 1982); *Cannizzo v. Guarantee Ins. Co.*, 245 Cal. App. 2d 70, 53 Cal. Rptr. 657 (1966); *Allstate Ins. Co. v. Bearce*, 412 Mass. 442, 447, 589 N.E.2d 1235, 1238 (1992); *Baxley v. Nationwide Mut. Ins. Co.*, 334 N.C. 1, 9-10, 430 S.E.2d 895, 902-03 (1993); *Aills v. Nationwide Mut. Ins. Co.*, 88 N.C. App. 595, 597, 363 S.E.2d 880, 882 (1988); *see Barnes v. Allstate Ins. Co.*, 608 So. 2d 1045, 1047 (La. Ct. App. 1992) ("where a plaintiff's total damages do not exceed the UM policy limits *and the language of the policy allows it*, the UM carrier is entitled to a credit for any amount which it has paid to the plaintiff under the medical payments coverage" (italics ours)).

Safeco relies on the North Carolina case of *Moore v. Beacon Ins. Co.*, 54 N.C. App. 669, 284 S.E.2d 136 (1981), *review denied*, 305 N.C. 301 (1982). *Moore* held that "plaintiff . . . cannot collect his medical expenses pursuant to the uninsured motorist provision and then again under the medical payments provision." 54 N.C. App. at 671. However, it assumed without discussion the very question to be decided: whether a tort measure of damages should control. Significantly, it has been distinguished or ignored in later North Carolina cases dealing with the same issue. *Baxley*, 334 N.C. at 9-10 (distinguished); *Aills*, 88 N.C. App. at 597 (ignored). The *Baxley* and *Aills* courts reached results similar to ours, and we find *Moore* unpersuasive.

Two issues remain. Barney argues that Safeco violated the Consumer Protection Act, RCW 19.86, by deducting the $5,000. Like the trial court, we hold to the contrary.

■ Relying on *Olympic S.S.* and *Estate of Jordan v. Hartford Accident & Indem. Co.*, 120 Wn.2d 490, 844 P.2d 403

(1993), Barney argues he is entitled to reasonable attorney's fees incurred "in connection with efforts to secure the full benefit of the underinsured motorists arbitration award."[5] We agree that he is entitled to reasonable attorney's fees incurred to confirm the arbitration award and collect the $5,000 at issue in this appeal. We disagree that he is entitled to reasonable attorney's fees incurred for other purposes. Upon proper motion after remand, the trial judge shall determine recoverable fees incurred both in the trial court and in this court.

Reversed and remanded.

SEINFELD and HOUGHTON, JJ., concur.