[No. 18946-1-II.    Division Two.    August 2, 1996.]

JOHN SCHRADER, *Appellant*, v. GRANGE INSURANCE ASSOCIATION, *Respondent*.

*Stephen L. Bulzomi* and *Messina Law Firm*, for appellant.

*Donald G. Daniel, Jr.*, and *Law, Lyman, Daniel, Kamerrer & Bogdanovich*, for respondent.

TURNER, J. — John Schrader appeals the trial court's summary dismissal of his claim for additional underinsured motorist benefits. Schrader contends that the insurer was not entitled to offset pre-arbitration Personal Injury Protection (PIP) payments against the arbitrator's award of general damages. He asks for an award of $15,000, plus prejudgment interest and attorney fees. Grange Insurance Association (Grange) defends the trial court's finding, arguing that the insurance contract clearly permits the offset of PIP payments. Grange also cross-appeals for restitution of overages paid to Schrader and attorney fees for defending a frivolous action. We affirm.

## FACTS

In February 1992 Schrader sustained neck injuries in an automobile accident that was solely the fault of a driver insured by United Services Automobile Association (USAA). The negligent driver's USAA policy had liability limits of $100,000.

Schrader's automobile insurance policy with Grange contained endorsements for both PIP and Uninsured/underinsured Motorist (UIM) coverage. Schrader sought medical benefits under his PIP coverage. He also claimed income continuation benefits, even though he had been unemployed since 1990[1] and was receiving State unemploy-

---

[1]Schrader's last employer was General Plastics. He claimed disability due to exposure to toxic chemicals and received payments through the Department of Labor and Industries until November 1991. Thereafter, he began receiving unemployment compensation.

ment compensation.[2] Grange paid wage continuation benefits to Schrader.[3]

Grange also paid Schrader's medical bills. In all, Grange paid $34,960.50 in medical expenses and $11,867.00 in wage continuation payments, for a total of $46,827.50 in benefits paid on Schrader's behalf under the PIP endorsement. Schrader notified Grange that he believed his damages would exceed the tortfeasor's $100,000 USAA liability policy limits and that he intended to pursue a UIM claim with Grange.

Schrader's claim against Grange was submitted to arbitration. On February 22, 1994, arbitrators issued Schrader a damage award of $145,000. The panel set forth general damages as $115,000 and special damages as $30,000.[4]

Schrader demanded that Grange pay him $15,000 even though he had already received $100,000 from USAA and $46,827.50 from Grange. Schrader reasoned that Grange should be credited only for $30,000 of the PIP payments because PIP payments should be offset only against special damages. He asserts that because the arbitrator awarded him $115,000 in general damages and USAA paid only $100,000, Grange still owes him a balance of $15,000 in general damages.

---

[2]Grange's claim form asked: "Have you received or are you eligible for wage loss and/or medical benefits under (1) workmen's compensation law [or] (2) any other source?" Schrader checked both the "Yes" and the "No" boxes. He left blank the line that asked for the name of the other source.

Under the section that asked the applicant to "[l]ist names and addresses of your employers at the date of the accident or last previous employer and give occupation and dates of employment," Schrader wrote "unemployment," but did not fill in any other information.

[3]In October 1993, Schrader twice answered questions contained in Grange's interrogatories by stating: "There is no wage loss claim." On November 4, 1993, Grange's counsel acknowledged his receipt of the interrogatories, and wrote: "I noted that your client is not claiming wage loss as an element of damages in this matter."

[4]The breakdown and categorization of the lump sum award was communicated in a March 21, 1994 letter from one of the arbitrators, Jeffrey F. Hale, to Schrader's counsel. The record on appeal does not contain copies of the original arbitration award, or any other documents from the arbitration proceeding, with the exception of a three-page list of medical expenses.

Grange contends that the insurance contract allows full credit of the $46,827.50 in PIP payments toward the entire $145,000 UIM award, not just toward the $30,000 in special damages. Grange reasons that paying an additional $15,000 would constitute an impermissible double recovery in that Schrader's compensation already exceeded the award. Grange seeks return of the $1,827.50 it paid above the $145,000 award.

Schrader filed suit in April 1994 over Grange's refusal to pay the disputed $15,000. Grange counterclaimed for setoff and restitution of excess payments, plus attorney fees. The trial court granted Grange's motion for summary judgment dismissing Schrader's claim, but denied the insurer's request for restitution and attorney fees.

Schrader now appeals, requesting an award of $15,000 plus prejudgment interest and attorney fees. Grange cross-appeals for restitution of overpayments, and attorney fees.

■■■ Construction of an insurance policy is a matter of law for the court. The policy is construed as a whole, and should be given a fair, reasonable, and sensible construction as would be given by the average person purchasing insurance. *Queen City Farms, Inc. v. Central Nat'l Ins. Co. of Omaha*, 126 Wn.2d 50, 65, 882 P.2d 703 (1994). The court reviews a summary judgment order de novo, *Syrovy v. Alpine Resources, Inc.*, 122 Wn.2d 544, 548 n.3, 859 P.2d 51 (1993), and will affirm if no issues of material fact exist and the moving party is entitled to judgment as a matter of law. CR 56(c); *Adams v. Thurston County*, 70 Wn. App. 471, 474-75, 855 P.2d 284 (1993).

■ This case can be decided on the basis of contract construction. Both liability and UIM insurance contracts are contracts of indemnity. Liability insurance is primary; UIM is secondary. UIM coverage should supplement, but not supplant, liability insurance. *Allstate Ins. Co. v Dejbod*, 63 Wn. App 278, 284, 818 P.2d 608 (1991).

■ The purpose of UIM coverage is to allow an injured

party to recover those damages he or she would have received had the responsible party maintained adequate liability insurance. *Keenan v. Industrial Indem. Ins. Co. of the NW,* 108 Wn.2d 314, 320, 738 P.2d 270 (1987). In *Keenan,* the insured sought a declaratory judgment on whether her insurer could offset amounts it had paid to her as PIP benefits against amounts owed to her under her UIM endorsement. The Supreme Court held that the insurer could enforce the policy's offset clause. The insurer did not receive a windfall even though it collected premiums under two coverages but paid benefits under only one because the insured was fully compensated for her damages.

In 1994, this court revisited the issues of *Keenan* in deciding *Barney v. Safeco Ins. Co. of Am.,* 73 Wn. App. 426, 869 P.2d 1093 (1994). Barney was injured in an auto accident caused by an uninsured motorist. His Safeco insurance policy contained PIP and UIM coverages. Safeco paid $5,000 in PIP payments, which it later deducted from the UIM arbitration award. Barney sued for and recovered the $5,000 because the Safeco policy did not contain an offset clause that allowed Safeco to offset PIP payments against a later UIM award. *Barney,* 73 Wn. App. at 430-31. But the court in *Barney* said "[o]ur holding would be otherwise if the insurance contract contained an offset clause." *Barney,* 73 Wn. App. at 430.

■ Here, Schrader's policy contains offset clauses.[5] The arbitrator's breakdown of the $145,000 award into $30,000

---

[5]Excerpts: Schrader's insurance policy. Effective 12/28/91; 1989 Buick; PIP/Medical Payments — $35,000 limit; UIM Bodily Injury Benefits — $50,000 per person.

"PART FOUR: MEDICAL PAYMENTS

". . . .

"SETOFF: Credit shall be taken for **coverage** from other sources for medical expenses. Other sources means only policies for **auto** liability, uninsured motorist, or personal injury protection.

"UNDERINSURED MOTORIST ENDORSEMENT

". . . .

special damages and $115,000 general damages does not affect Grange's right to offset its PIP payments. The policy stated that the UIM award shall be reduced by all sums paid under PIP. Schrader's contention that Grange owes him an additional $15,000 in "general" damages is not well-founded. To grant Schrader's claim would vitiate the insurance contract and punish the company for promptly paying wage-loss benefits and medical expenses in good faith pending a final determination of liability.

Schrader has already received more than full compensation for his claim. Grange has paid a total of $34,960.50 in medical bills, and $11,867.00 in wage-loss benefits. It should receive credit for this full amount. This, combined with the $100,000 from USAA, is $1,827.50 more than the total award of $145,000. Grange, however, points to no specific policy language or other authority that would entitle it to recover the $1,827.50 overpayment. We, therefore, defer to the trial court's decision denying

"LIMIT OF LIABILITY – . . . Any amounts otherwise payable for damages which the "covered person" is legally entitled to recover from the owner or operator of an "underinsured motor vehicle" because of "bodily injury" caused by an accident shall be reduced by all sums . . . paid or payable to a "covered person" under any [PIP] coverage or all sums paid under medical coverage available under this policy or any other policy of this Company or any other company or organization.

"AUTOMOBILE PERSONAL INJURY PROTECTION ENDORSEMENT

". . .

"TRUST AGREEMENT. In the event of payment to any person under this endorsement

"(a) the Company shall be entitled to the proceeds of any settlement or judgment [sic] that may result from the exercise of any rights or recovery of such person against the person or organization legally responsible for. the bodily injury because of which such payment is made to the extent damages recovered include any expense, amount, or payment for which such benefits were paid . . . .

". . . .

"SET OFF. No payment shall be made for any benefits available under this endorsement unless . . . . the amount of such payments shall be applied toward settlement of any claim or the satisfaction of any award entered in his favor under the Underinsured Motorist Coverage in this or any other policy of this Company."

669

Grange's request for restitution. The trial court's award of summary judgment in this matter was appropriate.

■ ■ Because Schrader was not wrongfully denied coverage, he is not entitled to an award of attorney fees. *Olympic S.S. Co, Inc. v. Centennial Ins. Co.*, 117 Wn.2d 37, 52-53, 811 P.2d 673 (1991). Nor did the trial court abuse its discretion in denying Grange's attorney fees. *See Lockhart v. Greive* 66 Wn. App. 735, 744-45, 834 P.2d 64 (1992).

■ Because this appeal was not frivolous, we deny Grange's request for attorney fees on appeal. *See Mailloux v. State Farm Mut. Auto. Ins. Co.*, 76 Wn. App. 507, 516-518, 887 P.2d 449 (1995).

Summary judgment of dismissal is affirmed.

BRIDGEWATER and ARMSTRONG, JJ., concur.

Reconsideration denied September 20, 1996.

Review denied at 131 Wn.2d 1007 (1997).