229 P.3d 830 (2010)
Pearl C. AVERILL, individually, and on behalf of all those similarly situated, Respondent,
v.
FARMERS INSURANCE COMPANY OF WASHINGTON, Petitioner.
No. 62767-8-I.
Court of Appeals of Washington, Division 1.
March 15, 2010.
*831 Stevan David Phillips, Margarita V. Latsinova, Stoel Rives LLP, Seattle, WA, for Petitioner.
David R. Hallowell, Matthew James Ide, Attorney at Law, Seattle, WA, for Respondent.
APPELWICK, J.
¶ 1 Farmers appeals the grant of partial summary judgment in favor of Averill and denial of Farmers' CR 12(b)(6) motion to dismiss. Farmers paid its insured Averill for the loss of her automobile in an accident, then sought recovery of its subrogated interests in arbitration with the other driver's insurer. Farmers also sought recovery of Averill's deductible on her behalf. The arbitrator *832 determined that each party was 50 percent at fault and awarded Farmers and Averill each 50 percent of the amount claimed. Averill sued Farmers to recover the other 50 percent of her deductible on the theory that she was not made whole. Neither the common law made whole rule, the insurance commissioner regulations, nor the insurance contract require Farmers to make Averill whole for her deductible from funds recovered by the insurer under its subrogation interests asserted against a third party. Averill has no claim as a matter of law. We reverse and remand for dismissal.

FACTS
¶ 2 Pearl Averill's daughter was in a motor vehicle accident while driving Averill's Honda Accord. Farmers Insurance Company of Washington insured the Accord under a motor vehicle liability insurance policy, which included collision coverage with a $500 deductible. State Farm Mutual Insurance Company insured the other driver. Farmers found the Accord to be a total loss, valued at $16,254. Under the policy's collision coverage, Farmers paid Averill for the loss, less her $500 deductible.
¶ 3 Farmers then submitted a claim against State Farm via inter-company arbitration seeking recovery of its payment and Averill's $500 deductible. The arbitrator determined that each driver was 50 percent at fault for the accident and awarded one-half of Farmers' request for itself and one-half of Averill's deductible. State Farm then paid $7,556 to Farmers and $250 to Averill. Averill took no action related to recovering either the property damage or her deductible from the other party or its insurer.
¶ 4 Averill sued Farmers for Consumer Protection Act (CPA), chapter 19.86 RCW, violations, bad faith, negligence, breach of contract, and unjust enrichment. Farmers filed a motion to dismiss under CR 12(b)(6). Averill filed a motion for partial summary judgment under CR 56, arguing that she was entitled to reimbursement for her deductible as a matter of law and contract. The trial court granted Farmers' motion to dismiss the unjust enrichment claim and otherwise denied the motion. The trial court granted Averill's motion for partial summary judgment on the contract claim and denied summary judgment on the CPA, negligence, and bad faith claims.
¶ 5 Farmers sought discretionary review of the trial court's ruling. The trial court certified its ruling for discretionary review under RAP 2.3(b)(4).

DISCUSSION

I. Standard of Review

¶ 6 Whether dismissal was appropriate under CR 12(b)(6) is a question of law that the court reviews de novo. San Juan County v. No New Gas Tax, 160 Wash.2d 141, 164, 157 P.3d 831 (2007). Under CR 12(b)(6), dismissal is appropriate only when it appears beyond doubt that the claimant can prove no set of facts, consistent with the complaint,[1] which would justify recovery. Id. Such motions should be granted sparingly and with care and only in the unusual case in which the plaintiff's allegations show on the face of the complaint an insuperable bar to relief. Id.
¶ 7 A motion for summary judgment presents a question of law reviewed de novo. Osborn v. Mason County, 157 Wash.2d 18, 22, 134 P.3d 197 (2006). We construe the evidence in the light most favorable to the nonmoving party, Folsom v. Burger King, 135 Wash.2d 658, 663, 958 P.2d 301 (1998), and affirm summary judgment if "there is no genuine issue as to any material fact" and "the moving party is entitled to a judgment as a matter of law." CR 56(c).

II. The Common Law Made Whole Doctrine

¶ 8 The parties here ask the court to determine whether the made whole doctrine applies to insurance policy deductibles. Averill argues that until she has recovered the full damages for the loss of her vehicle, including *833 her deductible, she has not been "made whole" and as a matter of law Farmers is not entitled to recovery. Averill argues that the fact that the recovery is from the tortfeasor is the key to the made whole doctrine, not whether the insured or the insurer made the recovery. Farmers concedes that where the insured recovered from the tortfeasor on her own, she would obtain the priority of recovery afforded by the made whole doctrine and would recover her entire deductible. However, Farmers argues that the made whole doctrine does not apply when the insurance company has pursued recovery of its subrogation interests.
¶ 9 The Washington Supreme Court announced the made whole doctrine in Thiringer v. American Motors Insurance Co., 91 Wash.2d 215, 219-20, 588 P.2d 191 (1978). In Thiringer, an insurer refused to pay personal injury protection (PIP) benefits to its insured, and the insured settled with the tortfeasor. Id. at 216-17, 588 P.2d 191. The insured then demanded PIP benefits, because his damages exceeded the amount of the settlement. Id. at 217, 588 P.2d 191. The trial court held that the settlement amount should first be applied to the insured's general damages and then, if any excess remained, toward the payment of the special damages to which the PIP coverage applied. Id. at 217-18, 588 P.2d 191. The Supreme Court affirmed, articulating the "made whole rule":
The general rule is that, while an insurer is entitled to be reimbursed to the extent that its insured recovers payment for the same loss from a tort-feasor responsible for the damage, it can recover only the excess which the insured has received from the wrongdoer, remaining after the insured is fully compensated for his loss.
Id. at 219, 588 P.2d 191. This articulation of the rule is precise in that it applies to cases where the insured recovers the payment and the insurer is seeking reimbursement,[2] not vice versa. Id. Subsequent cases applied this doctrine only where the insurer sought reimbursement out of third party funds recovered by the insured. See, e.g., Sherry v. Fin. Indem. Co., 160 Wash.2d 611, 615, 160 P.3d 31 (2007) (Sherry pursued arbitration and recovered underinsured motorist (UIM) benefits from his insurer); Winters v. State Farm Mut. Auto. Ins. Co., 144 Wash.2d 869, 872, 31 P.3d 1164, 63 P.3d 764 (2001) (insured recovered from the tortfeasor and from his UIM coverage); Mahler v. Szucs, 135 Wash.2d 398, 404-405, 957 P.2d 632 (1998) ("In this case we analyze an insurer's right to recover payments made to an insured pursuant to a [PIP] provision in a liability insurance policy when an insured recovers against a tortfeasor.") (emphasis added); S & K Motors Inc. v. Harco Nat'l Ins. Co., 151 Wash.App. 633, 635, 213 P.3d 630 (2009) (insured collected third party recovery); Bordeaux, Inc. v. Am. Safety Ins. Co., 145 Wash. App. 687, 689, 186 P.3d 1188 (2008) (insurer sought reimbursement from developers who collected recovery from third parties), review denied, 165 Wash.2d 1035, 203 P.3d 380 (2009). None of these cases discussed recovery of deductibles.[3]
*834 ¶ 10 Farmers has acknowledged that the made whole doctrine would limit its reimbursement if Averill had recovered directly from the tortfeasor for the property damage. We agree. In that scenario, the combination of the property loss insurance payments and the third party recovery would have created a common fund. Mahler, 135 Wash.2d at 426-27, 957 P.2d 632. Any claim by Farmers for reimbursement of the property loss payments would have been limited by the made whole rule. Id. at 417-18, 957 P.2d 632. Under those facts, Averill would have been entitled to recover her full deductible before any obligation to reimburse Farmers. And, pro-rata fee sharing would have applied. Id. at 426-427, 957 P.2d 632.
¶ 11 But, the same is not true where the insurer collects its subrogation interest from the tortfeasor. The made whole doctrine is a limitation on the recovery of the insurer when it seeks reimbursement from its insured for a loss it has previously paid to the insured. Thiringer, 91 Wash.2d at 219, 588 P.2d 191. Averill did not recover funds from the tortfeasor, and Farmers made no claim for reimbursement from Averill for the loss it paid to her. Instead, Farmers pursued its own subrogation interest against the tortfeasor. The made whole doctrine has no application to this recovery.
¶ 12 This result is consistent with the purpose of the deductible. A deductible indicates the amount of risk retained by the insured. See Bordeaux, 145 Wash.App. at 695-96, 186 P.3d 1188. The insurance policy shifts the remaining risk of any damages above the deductible to the insurance company. Id. Averill contracted to be out of pocket for the first $500. Farmers' subrogation interest was for the amount of the loss it paid Averill, not including the deductible amount. When Farmers pursued its subrogation interest, that interest did not include Averill's deductible. Allowing Averill to recover her deductible from Farmers' subrogation recovery would have changed the insurance contract to one without a deductible. We are not at liberty to rewrite the policy in this manner.[4]
¶ 13 Recovery by the insurer from a tortfeasor, under its subrogation interest for losses paid to its insured, is not the equivalent to a claim for reimbursement against a fund recovered by the insured and does not invoke the made whole doctrine. Averill is not entitled to recover her deductible from funds obtained by Farmers under subrogation from the third party's insurer.

III. Insurance Regulations on Recovery of Deductibles

¶ 14 The current Office of the Insurance Commissioner (OIC) regulation requires an insurance company to pursue recovery of the insured's deductible when pursuing its own subrogation interest. WAC 284-30-393.[5] It also requires that insureds be fully reimbursed for their deductibles from any recovery obtained by the insurance company, something the previous rule did not require. Compare WAC 284-30-393 with former WAC XXX-XX-XXXX (2003), repealed by, WASH *835 ST. REG. (WSR) XX-XX-XXX (Aug. 21, 2009). The OIC adopted the new regulation after the accident, payment by the insurer, and inter-agency arbitration at issue in this case. WAC 284-30-393. We must therefore decide whether the new regulation applies retroactively.
¶ 15 Courts may apply an amendment to an administrative regulation retroactively if either (1) the agency intended the amendment to apply retroactively, (2) the effect of the amendment is remedial or curative, or (3) the amendment serves to clarify the purpose of the existing rule. Champagne v. Thurston County, 163 Wash.2d 69, 79, 178 P.3d 936 (2008). There is no indication that the agency intended the amendment to be retroactive, nor is the effect remedial. WAC 284-30-393; OIC, Con[c]ise Exp[l]anatory Statement; Responsiveness Summary; Rule Development Process; and Implementation Plan Relating to the Adoption of Chapter 284-30 WAC The Unfair Claims Settlement Practices Regulation (May 20, 2009) (unpublished document, on file with the OIC) (CES); WSR XX-XX-XXX (May 20, 2009). Therefore, it may only be applied retroactively if it merely clarifies, rather than changes, existing law. Champagne, 163 Wash.2d at 79, 178 P.3d 936.
¶ 16 The new regulation clearly changes the obligations of an insurer from the predecessor rules. Former WAC XXX-XX-XXXX, repealed by WSR XX-XX-XXX (May 20, 2009), required insurers to recover the insured's deductible while pursuing its subrogated interest only if requested by their insureds.[6] Former WAC XXX-XX-XXXX permitted recovery to be shared on a proportionate basis between the insurer and the insured.[7] The new regulation changed the insurer's obligation to a mandatory obligation to include the insured's deductible when pursuing collection of its subrogation interests. WAC 284-30-393. WAC 284-30-393 also requires that insureds be fully reimbursed for their deductibles from any recovery obtained by the insurance company. The new regulation did not merely clarify the previous regulations, but imposed on insurers a new obligation and provided the insured new benefits.
¶ 17 Averill points out that the OIC stated that these amendments only clarify existing rules. The OIC stated, "These rules clarify and recodify numerous sections of chapter 284-30 WAC. . . . The amendments do not make substantive changes to these rules; the amendments and new sections refine or clarify existing rules." WSR XX-XX-XXX (May 20, 2009). The rulemaking file indicates that the OIC believed that case law, specifically the made whole doctrine of Thiringer, already required the insurance company to pay the insured's entire deductible from its recovery. See CES, supra, at 6-7.[8] The OIC's interpretation *836 is entitled to great deference as an agency's interpretation of its own properly promulgated regulations. Silverstreak, Inc. v. Dept. of Labor Indus., 159 Wash.2d 868, 885, 154 P.3d 891 (2007). Here, the issue is not one of interpretation of a regulation issued by the OIC, but of the underlying decisional law, which is the province of the courts to interpret and apply. Int'l Longshoremen's Ass'n v. Nat'l Labor Relations Bd., 56 F.3d 205, 212 (D.C.Cir.1995). The OIC's interpretation of Thiringer is wrong as a matter of law. Thiringer does not require that the insured be made whole for its deductible when the insurer pursues its subrogation interest.
¶ 18 The new regulation did not merely clarify or codify a duty of the insurer already required by case law.[9] WAC 284-30-393 in fact changed an insurers affirmative obligations concerning recovery of deductibles. Therefore, the new regulation may not be applied retroactively. Champagne, 163 Wash.2d at 79, 178 P.3d 936. The former insurance regulations did not require Farmers to pay Averill's full deductible.

IV. Averill's Insurance Contract Claims

¶ 19 Averill argues she has a separate claim for recovery of her full deductible based on the language of the contract. Averill contends that the insurance policy language expressly adopted the made whole doctrine. Farmers argues that the policy requires that the insured recover from another in order to invoke the made whole doctrine.
¶ 20 Interpretation of an insurance contract is a question of law reviewed de novo. Woo v. Fireman's Fund Ins. Co., 161 Wash.2d 43, 52, 164 P.3d 454 (2007). Because they are generally contracts of adhesion, courts look at insurance contracts in a light most favorable to the insured. Panorama Vill. Condo. Owners Ass'n Bd. of Dirs. v. Allstate Ins. Co., 144 Wash.2d 130, 141, 26 P.3d 910 (2001). A court must give the language of an insurance policy the same construction that an average person purchasing insurance would give the contract. Id. at 137-38, 26 P.3d 910.
¶ 21 The policy language at issue stated:
When a person has been paid damages by us under this policy and also recovers from another, we shall be reimbursed to the extent of our payment after that person has been fully compensated for his or her loss. Except as limited above, we are entitled to all the rights of recovery of the person to whom payment was made against another.
Averill argues the policy incorporates the made whole doctrine, essentially stating Washington law. Assuming it does, her contract claim fails for the same reasons the common law claim failed. Applying the language of the policy, Averill did recover under the policy and did recover half her deductible from another. Farmers is entitled to be reimbursed to the extent of its payment to Averill after she has been fully compensated for her loss. But, Farmers did not seek reimbursement out of the funds Averill recovered from the tortfeasor. The policy does not entitle Averill to recover her deductible from Farmers's recovery of its subrogation interest from the tortfeasor. Therefore, the trial court erred in granting Averill's motion for partial summary judgment.
¶ 22 Averill's remaining claims, specifically the CPA violations, bad faith, and negligence, are all based on the foundational argument that Farmers wrongly withheld payment of Averill's remaining deductible. Because Farmers was not required to compensate Averill for her remaining deductible, Averill's remaining claims are without merit. Because Averill had no claim as a matter of law, under common law, regulation, or contract the trial court erred in denying State Farm's 12(b)(6) motion to dismiss.

V. Attorney Fees

¶ 23 Averill seeks attorney fees under Olympic Steamship Co. Inc., v. Centennial Insurance Co., 117 Wash.2d 37, 54, 811 P.2d 673 (1991). Because Averill is not the prevailing *837 party, she is not entitled to fees under Olympic Steamship.
¶ 24 We reverse and remand for dismissal.
WE CONCUR: DWYER, A.C.J., and ELLINGTON, J.
NOTES
[1] We will consider Averill's insurance policy in evaluating the motion to dismiss, because Averill incorporated it into the complaint. Rodriguez v. Loudeye Corp., 144 Wash.App. 709, 725-26, 189 P.3d 168 (2008).
[2] "The term `reimbursement' comes into play where an insurer is permitted to recoup its payment out of the proceeds of an insured's recovery from the tortfeasor. In this situation the insurer's right of recoupment is contingent upon a third-party recovery by the insured." Mahler v. Szucs, 135 Wash.2d 398, 420 n. 9, 957 P.2d 632 (1998). Reimbursement is distinct from subrogation, where the insurer pursues recovery from the wrongdoer. See id., at 415 n. 8, 957 P.2d 632 ("`Usually, subrogation allows an insurer to recover what it pays to an insured under a policy by suing the wrongdoer. The insurer steps "into the" shoes of its insured.'" (quoting Touchet Valley Grain Growers, Inc. v. Opp & Seibold Gen. Constr., Inc., 119 Wash.2d 334, 341, 831 P.2d 724 (1992))); see also id. at 419, 957 P.2d 632 ("`No right of subrogation can arise in favor of an insurer against its own insured since, by definition, subrogation exists only with respect to rights of the insurer against third persons to whom the insurer owes no duty.'" (quoting Stetina v. State Farm Mut. Auto. Ins. Co., 196 Neb. 441, 243 N.W.2d 341, 346 (1976); 16 GEORGE J. COUCH, INSURANCE § 61:136, at 195-96 (2d ed. 1983))).
[3] Two other cases involved the insurer's pursuit of recovery, but neither involved the allocation of the insured's deductible. See Meas v. State Farm Fire & Cas. Co., 130 Wash.App. 527, 531, 123 P.3d 519 (2005) (insured recovered his $250 deductible in full when State Farm pursued recovery from the tortfeasors insurance); Chen v. State Farm Mut. Auto. Ins. Co., 123 Wash.App. 150, 152, 94 P.3d 326 (2004) (no discussion regarding deductible).
[4] Averill argues that failing to apply the made whole doctrine results in the recovery of her deductible being reduced for fault (she recovered only $250 of her deductible from the arbitration, reduced due to the determination that she was 50 percent at fault). Averill argues that such a result is foreclosed by Sherry. However, Sherry is distinguishable because that case is comparable to an insured recovering from the tortfeasor. Sherry, 160 Wash.2d at 615, 160 P.3d 31; see also Winters, 144 Wash.2d at 880, 31 P.3d 1164, 63 P.3d 764 ("The UIM payments are treated as if made by the tortfeasor."). There, the fault issue only affected the amount of offset to be allowed against the UIM coverage for prior PIP payments. Id. at 625, 160 P.3d 31. An offset such as in Sherry is akin to a reimbursement claim from a common fund and, unlike in this case, the made whole doctrine was triggered.
[5] WAC 284-30-393 reads, "The insurer must include the insured's deductible, if any, in its subrogation demands. Subrogation recoveries must be allocated first to the insured for any deductible(s) incurred in the loss. Deductions for expenses must not be made from the deductible recovery unless an outside attorney is retained to collect the recovery. The deduction may then be made only as a pro rata share of the allocated loss adjustment expense. The insurer must keep its insured regularly informed of its efforts related to the progress of subrogation claims. `Regularly informed' means that the insurer must contact its insured within sixty days after the start of the subrogation process, and no less frequently than every one hundred eighty days until the insured's interest is resolved."
[6] Former WAC XXX-XX-XXXX read,

Will my insurer pursue collection of my deductible? (1) Yes, if your insurer is pursuing collection of its interest, you may request they pursue collection of your deductible for you.
(2) Your insurer will inform you of its efforts relative to collection of your deductible.
(Boldface omitted.)
[7] Former WAC XXX-XX-XXXX read,

If my insurer collects my deductible back, will I recover the full amount of my deductible? (1) At a minimum, recovery will be shared on a proportionate basis with your insurer.
(2) No deduction for expenses can be made from the deductible recovery unless an outside attorney is retained to collect such recovery, and then only for the pro rata share of the allocated loss adjustment expense.
(Boldface omitted.)
[8] The originally proposed WAC 284-30-393 included the sentence, "Subrogation recoveries must be shared on a proportionate basis with the insured, unless the deductible amount has been otherwise recovered." WSR XX-XX-XXX (Feb. 4, 2009). The OIC received the following comment during the public comment period,

We respectfully request that [proposed WAC 284-30-393] be amended in order to conform to Washington's "insured made whole" rule as set forth in the Thiringer case and its progeny. . . .
. . .
The proposed rule would improperly supersede both longstanding public policy and standardized insurance policy language, giving the insurer rights that they never contracted for and which Washington courts have recognized they should not have. We submit to [sic] the Office of the Insurance Commissioner should not generally enact regulations that override clear Washington law that protects consumers.
CES, supra, at 6. The OIC agreed and replaced the sentence with, "Subrogation recoveries must be allocated first to the insured for any deductible(s) incurred in the loss." CES, supra, at 7.
[9] Farmers has not challenged the validity of the regulation, and we do not address that issue.