FILED
COURT OF APPEALS
DIVISION II

2013 JUN 25 AM 9:43

STATE OF WASHINGTON

BY_____
DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| KARYN A. CARBAUGH, an individual,<br><br>Appellant.<br><br>v.<br><br>JOHN N. JOSLIN and "JANE DOE" JOSLIN, husband and wife, and the marital community comprised thereof, NORMA O. JOSLIN and "JOHN DOE" JOSLIN, wife and husband, and the marital community comprised thereof,<br><br>Defendants,<br><br>and<br><br>PROGRESSIVE NORTHWEST INSURANCE COMPANY,<br><br>Respondent. | No. 42780-0-II<br><br><br><br><br>UNPUBLISHED OPINION |

JOHANSON, A.C.J. — Karyn A. Carbaugh appeals a superior court's judgment against Progressive Northwest Insurance Company which reduced her arbitration award by offsetting an amount paid under her personal injury protection (PIP) coverage. We affirm the superior court holding that Progressive is entitled to the PIP offset for its PIP payments because Carbaugh's insurance contract contained an offset clause and she was fully compensated under her insurance

policy. We also deny Carbaugh's request for appellate attorney fees and costs because Carbaugh does not prevail.

## FACTS

In April 2005, John N. Joslin, while driving his mother's vehicle, struck a vehicle in which Carbaugh was a passenger, injuring Carbaugh.[1] Joslin and his mother were both uninsured.

Carbaugh had $10,000 PIP coverage and $25,000 underinsured motorist (UIM) coverage[2] through Progressive. Carbaugh's insurance contract with Progressive contained an offset clause. In the UIM section, under the heading "**LIMITS OF LIABILITY,**" it provides

> In determining the amount **we will** pay for **bodily injury** sustained by an **insured person** . . . the amount of **bodily injury** damages which an **insured person** is entitled to recover . . . shall be reduced by . . .
>
> 3. any sums paid under Part II – Personal Injury Protection Coverage due to **bodily injury** to the **insured person**.

Clerk's Papers (CP) at 49-50. In 2005, 2006, and 2007, Progressive made several PIP payments to medical providers on Carbaugh's behalf, totaling $7,230.28.

In 2008, Carbaugh sued Joslin and Progressive intervened. In April 2011, the Joslins, Progressive, and Carbaugh entered a stipulation and order of dismissal as to the Joslins and allowed Carbaugh to pursue her UIM coverage claims directly against Progressive. In July 2011,

---

[1] The facts are undisputed.

[2] UIM is an acronym for either uninsured or underinsured motorist coverage. *Hamm v. State Farm Mut. Auto. Ins. Co.*, 151 Wn.2d 303, 306 n.1, 88 P.3d 395 (2004). Carbaugh's policy defines an underinsured motor vehicle as a motor vehicle to which no liability policy applies at the time of the accident or to which a policy applies but the sum of all applicable limits of liability is less than the damages which the insured person is entitled to recover.

the case proceeded to arbitration; the arbitrator awarded Carbaugh $7,131.70 in special damages and $20,000 in general damages, for a total award of $27,131.70. The arbitrator's decision awarded Carbaugh "allowable taxable costs and statutory fees [but] did not rule on any insurance coverage issues including PIP offset." CP at 14.

On September 7, 2011, Carbaugh moved the superior court to enter judgment on the arbitration award. Because the total award of $27,131.70 exceeded Carbaugh's UIM policy limits, Carbaugh sought judgment against Progressive for the full $25,000 UIM policy limits. The next day, Progressive unsuccessfully moved the superior court for a PIP adjustment to the judgment amount, arguing that if the court awarded Carbaugh $25,000, she would receive a double recovery for her medical bills because Progressive had already paid Carbaugh $7,230.28 under her PIP coverage.

The superior court denied Progressive's motion for a PIP offset, without explanation. Later that month, Carbaugh again moved the superior court to enter a $25,000 judgment on the arbitration award and Progressive filed a motion for reconsideration of the superior court's order denying the PIP offset. The superior court granted Progressive's motion for reconsideration. It explained,

> [I]n order to make her whole, she should receive $27,131. The most she can receive on the UIM coverage is $25,000. That means her PIP has to contribute $2,131 to make her whole. She received from PIP $7,230.28. Backing out the $2,131 to make her whole leaves a reimbursement on the PIP of $5,099[.28].

No. 42780-0-II

Verbatim Report of Proceedings (VRP) (Oct. 7, 2011) at 1.[3] Thus, the superior court ordered that Progressive was entitled to a partial PIP offset of $5,098.58, and entered judgment in the amount of $19,901.42[4] to Carbaugh, plus interest, costs, and attorney fees.[5] Carbaugh appeals.

ANALYSIS

Carbaugh argues that the superior court erroneously granted the PIP offset because if Progressive receives a PIP offset, (1) she will not be fully compensated, (2) the offset makes her worse off because she purchased UIM and PIP coverage from the same insurer, and (3) Progressive had no right to a PIP offset that reduced her award of general damages. We disagree and conclude that the superior court correctly granted the PIP offset because (1) Carbaugh's contract allowed Progressive to offset its UIM payments by the amounts paid under PIP coverage; (2) Carbaugh has been fully compensated and is not entitled to double recovery; and (3) an offset is appropriate even if the offset reduces Carbaugh's general damages.[6]

---

[3] There is a de minimus discrepancy between the court's oral ruling and the written judgment.

[4] The $7,230.28 in PIP payments and the $19,901.42 judgment equal the $27,131.70 awarded by the arbitrator.

[5] Regarding attorney fees, the superior court specifically noted, "So, I didn't do the Hamm [sic] calculation, so you have to do the Hamm [sic] calculation, so that's going to drop that $5,099.28 even lower." VRP (Oct. 7, 2011) at 1. *Hamm* fees are awarded in insurance cases and are an exception to the well-known "American rule" on attorney fees. *Matsyuk v. State Farm Fire & Cas. Co.*, 173 Wn.2d 643, 647, 272 P.3d 802 (2012) (citing *Hamm*, 151 Wn.2d 303). Otherwise known as the pro rata fee sharing rule, the *Hamm* fee rule requires a PIP insurer "to share pro rata in the attorney fees incurred by an injured person when the recovery benefits the PIP insurer." *Matsyuk*, 173 Wn.2d at 647.

[6] The parties agree that the superior court had jurisdiction to rule on the offset issue based on *Mercier v. GEICO Indem. Co.*, and we agree. 139 Wn. App. 891, 903, 165 P.3d 375 (2007), *review denied*, 163 Wn.2d 1028 (2008) *and abrogated on other grounds by Little v. King*, 147 Wn. App. 883, 198 P.3d 525 (2008). In *Mercier*, GEICO argued that the superior court properly decided the offset because the arbitrator did not have authority to decide any offset issues.

4

No. 42780-0-II

When no relevant facts are in dispute, we review a superior court's decision regarding insurance coverage de novo. *Hillhaven Props., Ltd. v. Sellen Constr. Co.*, 133 Wn.2d 751, 757, 948 P.2d 796 (1997). Carbaugh and Progressive do not dispute the facts; therefore our review is de novo.

In determining whether an insurer is entitled to an offset, we apply a two-step approach. "An insurer is entitled to an offset . . . when both (1) the contract itself authorizes it and (2) the insured is fully compensated by the relevant 'applicable measure of damages.'" *Sherry v. Fin. Indem. Co.*, 160 Wn.2d 611, 619, 160 P.3d 31 (2007) (quoting *Barney v. Safeco Ins. Co. of Am.*, 73 Wn. App. 426, 429-31, 869 P.2d 1093 (1994), *overruled by Price v. Farmers Ins. Co. of Wash.*, 133 Wn.2d 490, 946 P.2d 388 (1997)). Carbaugh's contract with Progressive authorizes an offset under its UIM section.

Because the contract itself authorizes an offset, we next determine whether Carbaugh was fully compensated, entitling Progressive to an offset for the PIP payments it made. *Sherry*, 160 Wn.2d at 619. Insureds are fully compensated when they have recovered all of their damages as a result of a motor vehicle accident. *Sherry*, 160 Wn.2d at 621. Insureds are not entitled to double recovery. *Sherry*, 160 Wn.2d at 618. After an insured is "'fully compensated for his loss,'" an insurer may seek an offset, subrogation, or reimbursement for PIP benefits already

*Mercier*, 139 Wn. App. at 898. Division One of this court disagreed, relying on MAR 6.1 for the arbitrator's authority in mandatory arbitration to manage the full case and decide all issues. *Mercier*, 139 Wn. App. at 899. Because the arbitrator made clear that it believed it lacked authority to determine the offset issue, leaving it specifically for the superior court to decide, Division One agreed that the superior court acted appropriately in deciding the issue. *Mercier*, 139 Wn. App. at 902. Likewise, here the arbitrator had authority to rule on the offset issue, but specifically declined to do so. Therefore, because the arbitrator specifically, though incorrectly, declined to rule on the offset issue, we agree that the superior court appropriately decided the issue.

5

paid. *Sherry*, 160 Wn.2d at 618 (quoting *Thiringer v. Am. Motors Ins. Co.*, 91 Wn.2d 215, 219, 588 P.2d 191 (1978)).[7] An offset is "'a credit to which an insurer is entitled for payments made under one coverage against claims made under another coverage within the same policy.'" *Matsyuk v. State Farm Fire & Cas. Co.*, 173 Wn.2d 643, 650, 272 P.3d 802 (2012) (quoting *Winters v. State Farm Mut. Auto. Ins. Co.*, 144 Wn.2d 869, 876, 31 P.3d 1164 (2001)).

First, Carbaugh argues that an insured is not fully compensated when an insurer receives a PIP offset reducing the insured's award if the insured's total damages exceed the UIM policy limits, citing *Keenan v. Industrial Indemnity Insurance Co. of the Northwest*, 108 Wn.2d 314, 318-19, 738 P.2d 270 (1987), *overruled on other grounds by Price v. Farmers Ins. Co. of Wash.*, 133 Wn.2d 490, 946 P.2d 388 (1997), and *Taxter v. Safeco Ins. Co. of Am.*, 44 Wn. App. 121, 721 P.2d 972 (1986), *review denied*, 108 Wn.2d 1037 (1987). Carbaugh misreads these cases.

Our Supreme Court in *Keenan* held that the insurer was entitled to an offset for PIP payments against amounts payable to the insured under the UIM endorsement and where the insured was fully compensated for all damages, even taking into account the offset. 108 Wn.2d at 317. *Keenan* quoted the rule from *Taxter* that "a *PIP setoff against [UIM] coverage is valid* only *when the extent of the insured's damages are less than his policy limits*. Where the insured's damages exceed those limits, public policy dictates against any PIP offset." *Keenan*, 108 Wn.2d at 318 (quoting *Taxter*, 44 Wn. App. at 131).

---

[7] Neither subrogation nor reimbursement applies to Carbaugh's facts. Subrogation allows an insurer to recover what it pays to an insured under a policy by suing the wrongdoer—the insurer steps into the shoes of its insured. *Averill v. Farmers Ins. Co.*, 155 Wn. App. 106, 112 n.2, 229 P.3d 830, *review denied*, 169 Wn.2d 1017 (2010). Reimbursement comes into play where an insurer is permitted to recoup its payment out of the proceeds of an insured's recovery from the wrongdoer—so the insurer's right of recoupment is contingent on a third-party recovery by the insured. *Averill*, 155 Wn. App. at 112 n.2.

In *Keenan*, Genevieve Keenan was insured by Industrial Indemnity Insurance Company (Industrial) for $10,000 PIP for medical expenses, $10,000 PIP for wage loss, and $35,000 UIM coverage. *Keenan*, 108 Wn.2d at 316. Keenan was injured in a head-on collision with Buell Wood, who had a $25,000 liability policy. *Keenan*, 108 Wn.2d at 315-16. After an arbitrator awarded Keenan $44,478.28, Industrial sought to reduce the amount it paid Keenan by the $25,000 Keenan received from Wood's insurance and by the $9,999.90 it had paid in Keenan's PIP payments. *Keenan*, 108 Wn.2d at 317. Keenan objected to the $9,999.90 offset, but our Supreme Court held that the offset was appropriate. The court explained that the purpose behind UIM coverage is to

> allow an injured party to recover those damages he or she would have received had the responsible party maintained adequate liability insurance. The injured party is not entitled to be put in a better position, by virtue of being struck by an underinsured motorist, than she would be had she been struck by a fully insured motorist.

*Keenan*, 108 Wn.2d at 320-21 (citations omitted).

The court further explained that UIM coverage and PIP coverage protect against two different risks. *Keenan*, 108 Wn.2d at 322. PIP coverage guarantees payment of special damages following an automobile accident, regardless of which party was at fault; while UIM coverage guarantees payment of both special and general damages, but only if the other driver was at fault. *Keenan*, 108 Wn.2d at 322. "The two coverages overlap at one point—payment of certain special damages when the other driver was at fault. Only at this point does the PIP reimbursement clause operate to deny plaintiff recovery under both coverages." *Keenan*, 108 Wn.2d at 322. The court held that Industrial was entitled to a PIP offset to prevent Keenan from getting double recovery. *Keenan*, 108 Wn.2d at 321.

Similarly, in Carbaugh's case, the PIP offset prevents double recovery. The arbitrator awarded Carbaugh $27,131.70, $7,131.70 was for special damages. As in *Keenan*, Carbaugh is not entitled to a judgment for $25,000 against Progressive in superior court because Progressive has already paid Carbaugh's PIP medical costs of $7,230.28. So a $25,000 judgment under the UIM policy would result in double recovery. Instead, the PIP payments that Progressive has already paid represent where PIP and UIM overlap and Carbaugh is not entitled to double coverage of those damages. *Keenan*, 108 Wn.2d at 321.

Carbaugh disagrees that the full $25,000 award would represent double recovery; but in doing so, she erroneously asks us to rely on a *Keenan* quote out of context. Carbaugh argues that we should apply the rule that "[w]here the insured's damages exceed those limits, public policy dictates against any PIP offset,"[8] without looking at the circumstances in the *Keenan* case. *Keenan* involved a second driver who had $25,000 liability insurance. Because Keenan's damages exceeded $25,000, Keenan's UIM coverage was available to make her whole. This coverage differs from the UIM coverage Carbaugh had where the second driver was completely uninsured. *Sherry* explained that UIM coverage is unique and "simply insures a driver against someone else not having enough insurance to pay a judgment, rather than insuring for full compensation in the case of an accident." *Sherry*, 160 Wn.2d at 622-23. Ultimately, despite some seemingly contrary general language, the *Keenan* court applied the PIP offset to avoid double recovery, and we do the same here.

---

[8] *Keenan*, 108 Wn.2d at 318 (quoting *Taxter*, 44 Wn. App. at 131).

Carbaugh also argues that *Barney*, 73 Wn. App. 426,[9] supports her argument; but again Carbaugh ignores the factual distinction regarding the insurance coverage and asks us to rely on one quote from the case taken out of context. *Barney* is distinguishable because Barney's insurance contract did not contain an offset clause allowing Safeco to deduct medical payment coverage from its UIM coverage;[10] but Carbaugh's insurance contract does. The *Barney* court specifically explained that its "holding would be otherwise if the insurance contract contained an offset clause permitting Safeco to deduct the amount paid under its medical payments coverage from the amount due under its UIM coverage." *Barney*, 73 Wn. App. at 430. The court stated that if Barney's contract contained an offset clause, then Safeco could take the $5,000 offset without depriving Barney of full recovery. *Barney*, 73 Wn. App. at 430. Carbaugh's contract contains the offset clause, thus Progressive is entitled to an offset without depriving Carbaugh full recovery of the $27,131.70 awarded under the arbitration.

Next, Carbaugh argues that other Washington Supreme Court cases support her argument that she is entitled to double recovery in this case, citing *Matsyuk*, 173 Wn.2d 643; *Hamm v. State Farm Mut. Auto. Ins. Co.*, 151 Wn.2d 303, 309, 88 P.3d 395 (2004); *Winters*, 144 Wn.2d 869; *Mahler v. Szucs*, 135 Wn.2d 398, 957 P.2d 632, 966 P.2d 305 (1998). But again, these cases are inapplicable. They address the issue of whether an insurer must pay a pro rata share of the insured's costs and attorney fees in obtaining a PIP offset—not whether the PIP offset was

---

[9] Carbaugh also cites a New Mexico case and a Louisiana case in this section. *Fickbohm v. St. Paul Ins. Co.*, 133 N.M. 414, 63 P.3d 517 (2002); *Barnes v. Allstate Ins. Co.*, 608 So.2d 1045 (La. Ct. App. 1992). Because we are not bound by case law from other states and because we can reach our answer with Washington case law, we do not analyze *Fickbohm* and *Barnes*.

[10] *Barney*, 73 Wn. App. at 427.

appropriate. *Matsyuk*, 173 Wn.2d at 647; *Hamm*, 151 Wn.2d at 306; *Winters*, 144 Wn.2d at 872; *Mahler*, 135 Wn.2d at 405.

Next, Carbaugh argues that the PIP offset prejudices her simply because she would have been better off had she purchased PIP and UIM coverage from two different insurers rather than one. She posits two hypothetical situations that she argues explain why Progressive is not entitled to an offset. But her arguments do not persuade because the insurance that she purchased contained an offset clause limiting Progressive's liability in situations such as hers. Thus, the superior court appropriately limited Progressive's liability when it reduced Carbaugh's award by a portion of the amount Progressive paid under the PIP coverage.

Finally, Carbaugh argues that Progressive is not entitled to an offset that invades her award of general damages. Carbaugh argues that because the arbitrator awarded her $20,000 general damages, the superior court cannot apply a PIP offset that reduces her judgment below $20,000. We considered and rejected an identical argument in *Schrader v. Grange Insurance Ass'n*, 83 Wn. App. 662, 922 P.2d 818 (1996), *review denied*, 131 Wn.2d 1007, *and overruled on other grounds by Price*, 133 Wn.2d 490.

In *Schrader*, Grange Insurance Association paid $46,827.50 in PIP benefits on Schrader's behalf after an automobile accident. 83 Wn. App. at 665. An arbitrator awarded Grange $145,000: $115,000 for general damages and $30,000 for special damages. *Schrader*, 83 Wn. App. at 665. Schrader argued that Grange was entitled to only a $30,000 offset rather than the $46,827.50 amount Grange paid under the PIP coverage because the arbitrator allocated $30,000 for special damages. *Schrader*, 83 Wn. App. at 666. We disagreed and explained that because Schrader's policy contained an offset clause, the arbitrator's award did not affect Grange's right

to offset its actual PIP payments. *Schrader*, 83 Wn. App. at 668. We stated, "To grant Schrader's claim would vitiate the insurance contract and punish the company for promptly paying [PIP payments] in good faith pending a final determination of liability." *Schrader*, 83 Wn. App. at 668. Similarly here, Progressive's offset is not limited by the arbitrator's special damage award because Carbaugh's contract contained an offset clause and because Progressive should not be punished for promptly paying Carbaugh's medical bills.

To conclude, we affirm the superior court's order allowing a PIP offset to Progressive because (1) Carbaugh's contract contained an offset clause; (2) the superior court's judgment, plus Progressive's PIP payments fully compensated Carbaugh under the arbitrator's $27,131.70 award; and (3) Carbaugh is not entitled to double recovery. Accordingly, we affirm the superior court and hold that Progressive is entitled to a $5,098.58 PIP offset.

## ATTORNEY FEES

Carbaugh requests attorney fees and costs on appeal under RAP 18.1 and for responding to Progressive's motion for reconsideration at the superior court under *Olympic Steamship Co. v. Centennial Insurance Co.*, 117 Wn.2d 37, 54, 811 P.2d 673 (1991), and *Safeco Insurance Co. v. Woodley*, 150 Wn.2d 765, 773-74, 82 P.3d 660 (2004). Because Carbaugh does not prevail on appeal, she is not entitled to attorney fees and costs.

No. 42780-0-II

We affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
Johanson, A.C.J.

We concur:

_____
Hunt, J.

_____
Quinn-Brintnall, J.