# IN THE COURT OF APPEALS FOR THE STATE OF WASHINGTON

| | |
|---|---|
| KING COUNTY, a municipal corporation,<br><br>　　　　　Respondent,<br><br>　　v.<br><br>JOHN J. JONES and MARY ANN MORBLEY JONES,<br><br>　　　　　Appellants. | No. 68226-1-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION<br><br>FILED: August 26, 2013 |

SPEARMAN, A.C.J. — Under the "made whole" doctrine, an insurer is entitled to reimbursement from an insured who recovers from a tortfeasor, but only for the excess remaining after the insured is fully compensated for his loss. Where an insured accepts a settlement of less than policy limits, that is evidence the insured was fully compensated, i.e., "made whole."

Here, King County came forward with evidence on summary judgment that John Jones and Mary Ann Morbley Jones accepted a settlement of their claims that was less than the limits of the tortfeasor's liability policy. Because the Joneses failed to rebut this evidence, the trial court did not err in concluding King County was entitled to reimbursement for medical payments. Accordingly, we affirm the order granting King County's motion for summary judgment.

## FACTS

John Jones injured his ankle while on a Hendrickx Construction worksite. After filing suit against Hendrickx Construction, Inc., Jones settled with Hendrickx's liability carrier, Contractors Bonding and Insurance Company ("CBIC"). Jones' settlement amount was $610,000, of which $152,000 was apportioned to his wife Mary Ann Morbley Jones for her loss of consortium, wage loss, and other claims. The CBIC policy had coverage limits of $1,000,000.

Jones' medical costs, which are not in dispute here, totaled $46,315.98, and were paid as medical benefits by King County. Jones received these benefits because his wife worked for King County and enrolled in KingCare, one of the two medical benefits plans available to employees of King County. The KingCare plan is a self-funded government medical benefits program.

A provision in the KingCare plan provides that, when a person covered by the plan obtains a recovery for an injury caused by a third party, King County is entitled to reimbursement:

> When you or your covered dependent is injured or becomes ill because of the actions or inactions of a third party, KingCare$^{SM}$ may cover your eligible medical and prescription drug expenses. However, to receive coverage, you must notify the plan that your illness or injury was caused by a third party, and you must follow special plan rules. . . .
>
> . . .
>
> By accepting plan benefits to pay for treatments, devices, or other products or services related to such illness or injury, you agree that KingCare$^{SM}$:

• has an equitable lien on any and all monies paid (or payable to) you or for your benefit by any responsible party or other recovery to the extent the plan paid benefits for such illness or injury; [and]

• may appoint you as constructive trustee for any and all monies paid (or payable to) you or for your benefit by any responsible party or other recovery to the extent the plan paid benefits for such illness or injury;

. . .

If you (or your attorney or other representative) receive any payment from the sources listed below-through a judgment, settlement or otherwise-when an illness or injury is the result of a third party, you agree to place the funds in a separate, identifiable account and that KingCare<sup>SM</sup> has an equitable lien on the funds, and/or you agree to serve as constructive trustee over the funds to the extent the plan has paid expenses related to that illness or injury. This means that you will be deemed to be in control of the funds.

You must repay KingCare<sup>SM</sup> first, in full, out of such funds for any health care expenses the plan has paid related to such illness or injury. You must repay KingCare<sup>SM</sup> up to the full amount of the compensation you receive from the responsible party, regardless of whether your settlement or judgment says that the money you received (all or part of it) is for health care expenses.

Furthermore, you must repay KingCare<sup>SM</sup> whether the third party admits liability and whether you've been made whole or fully compensated for your injury. If any money is left over, you may keep it.

Additionally, KingCare<sup>SM</sup> isn't required to participate in or contribute to any expenses or fees (including attorneys' fees and costs) you incur in obtaining the funds.

Clerk's Papers (CP) at 35-41.

After King County's subrogation agent, the Rawlings Company LLC, learned that Jones had obtained a $610,000 settlement, it sought reimbursement for King County. Jones refused to reimburse the County, and the County filed suit against Jones and his wife.

3

The County moved for summary judgment. The Joneses responded that the County was precluded from recovering under the "made whole" doctrine, which precludes an insurer from being reimbursed for personal injury protection payments until the insured has been made whole. They also sought a continuance under CR 56(f). The County argued it was not an insurer.

At the summary judgment hearing, the trial court questioned whether it needed to decide if King County was an insurer, because if Jones had been made whole, then the County was entitled to reimbursement regardless of the County's status as an insurer. The trial court granted the Jones' CR 56(f) motion to continue, and ordered the County to provide copies of all KingCare plans for the years 2006-2008, along with notices to employees about any changes to the KingCare plan, between those years. The court set the new hearing date for the summary judgment motion six weeks out, and allowed the Joneses and King County to submit supplemental briefing on the motion. King County produced the documents it was ordered to produce and filed a supplemental brief. The Joneses did not file a supplemental brief, nor did they seek additional discovery.

After the second summary judgment hearing, the trial court granted the summary judgment motion, ordering that "King County is entitled to be reimbursed $46,315.98, minus an equitable share of the expenses and fees incurred in recovering those funds," plus its fees and costs for bringing the action. CP at 186-88. The Joneses appeal.

4

DISCUSSION

The Joneses chief argument on appeal is that the "made whole" doctrine applies to bar King County's recovery of medical expenses it paid on behalf of Jones. We disagree.

The "made whole" doctrine was announced by our Supreme Court in Thiringer v. American Motors Ins. Co., 91 Wn.2d 215, 219-20, 588 P.2d 191 (1978); see also Averill v. Farmers Ins. Co. of Washington, 155 Wn. App. 106, 229 P.3d 830 (2010) (analyzing Thiringer). In Thiringer, an insurer refused to pay personal injury protection (PIP) benefits to its insured, and the insured settled with the tortfeasor. Id. at 216-17. The insured then demanded PIP benefits, arguing his damages exceeded the amount of the settlement. Id. at 217. The Supreme Court affirmed the trial court, holding that the settlement amount should first be applied to the insured's general damages and then, if any excess remained, toward the payment of the special damages to which the PIP coverage applied affirmed:

> The general rule is that, while an insurer is entitled to be reimbursed to the extent that its insured recovers payment for the same loss from a tort-feasor responsible for the damage, it can recover only the excess which the insured has received from the wrongdoer, remaining after the insured is fully compensated for his loss.

Id. at 219.

A large portion of the parties' briefs are devoted to whether the "made whole" doctrine applies in this case. King County argues it does not because the County is not an insurer and is therefore not subject to the doctrine. Thus the County contends it can

5

recover under its contract reimbursement from Jones regardless of whether he was made whole. Jones, on the other hand, contends that subrogation "can arise without an insurance policy or statute giving an insurer or any other party a right of subrogation or reimbursement . . . ." Reply Brief at 1. Each party cites numerous cases in support of their respective positions, although none appears to directly address the issue of whether the "made whole" doctrine applies to an entity that provides a self-funded medical benefits program.

The posture of this case, however, provides us no occasion to address the issue of whether the "made whole" doctrine applies. Because, even if it did, the evidence shows Jones was, in fact, made whole. Under Peterson v. Safeco Ins. Co. of Illinois, 95 Wn. App. 254, 976 P.2d 632 (1999), where an insured accepts a settlement of less than policy limits, this is evidence that the insured was fully compensated:

> Farmers had $250,000 available to settle this claim. After negotiations and consultation with an experienced plaintiff's personal injury lawyer, Mr. Peterson accepted $20,000. And in exchange for that money, he fully released Farmers and Mr. Carroll from any further liability. He also agreed to indemnify them from any claim by Safeco for its PIP interest. If the gross settlement did not reflect what Mr. Peterson, or his attorney, believed to be full compensation, then they had no obligation to accept it. They could have, instead, completed arbitration to have the question of full compensation decided.

Peterson, 95 Wn. App. at 259-60; see also Truong v. Allstate Property and Cas. Ins. Co., 151 Wn. App. 195, 205, 211 P.3d 430 (2009) ("Peterson shows that a settlement with a tortfeasor for less than limits is evidence that the PIP recipient received full compensation"). Truong at 205. In Troung, after the insurer set forth facts in a summary

6

judgment motion showing the insured accepted a settlement less than policy limits, the

court held the insured had the burden of rebutting that evidence:

> Allstate set forth facts showing that Truong freely accepted an arms-length settlement from Dinh in an amount less than the limits of Dinh's liability insurance. Such a settlement is some evidence, even if not irrefutable evidence, that the settlement fully compensated Truong.
>
> > A nonmoving party in a summary judgment may not rely on speculation, argumentative assertions that unresolved factual issues remain, or in having its affidavits considered at face value; for after the moving party submits adequate affidavits, the nonmoving party must set forth specific facts that sufficiently rebut the moving party's contentions and disclose that a genuine issue as to a material facts exists.
>
> Seven Gables Corp. v. MGM/UA Entm't Co., 106 Wn.2d 1, 13, 721 P.2d 1 (1986). Thus, Truong had the burden of rebutting that evidence by showing that his damages were greater than the amount he settled for. Truong did not meet this burden.

Troung, 151 Wn. App. at 201-02.

Here, as was the case with the insured in Troung, Jones accepted a settlement

of $610,000, less than the $1,000,000 policy limits. After King County presented this

evidence in its motion for summary judgment, the burden shifted to Jones to come

forward with evidence that his damages were greater than the amount of settlement.

Although Jones' summary judgment response failed entirely to address this issue, the

trial court nevertheless gave Jones additional time. Indeed, the trial court granted Jones'

request for a continuance for that very purpose, and ordered the County to disclose

additional evidence, namely copies of all the KingCare plans for the years 2006-2008,

along with notices to employees about any changes to the KingCare plan between

7

those years. Jones, however, never filed a supplemental response, nor did he seek additional discovery on this issue.

In other words, Jones was unable to meet his burden; he provided no evidence rebutting the County and failed to show "his damages were greater than the amount he settled for." Truong, 151 Wn. App. at 202. Therefore, even if the "made whole" doctrine applies in this case, the unrebutted evidence showed Jones was made whole, and King County is not precluded from seeking reimbursement. The trial court did not err in granting summary judgment.

Affirmed.

Spearman, A.C.J.

WE CONCUR:

Dwyer, J.

Grosse, J.

8